## Township of Upper Moreland, Appellant, *v.* Fred Gaunt and George Gaunt, Appellees.

Argued October 10, 1974, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Raymond Jenkins,* with him *Jenkins & Acton,* for appellant.

*Joseph D. Shein,* with him *Shein & Brookman, P.A.,* for appellees.

OPINION BY JUDGE KRAMER, November 27, 1974:

This is an appeal filed by the Township of Upper Moreland (Township) from an order of the Court of Common Pleas of Montgomery County, dated Septem-

ber 11, 1973. This order sustained the appeal of Fred Gaunt and George Gaunt (Gaunt) from an order of the Township's Zoning Hearing Board (Board) which, in effect, vacated a use permit issued by the Township, which had permitted the Gaunts to use certain property for a nonconforming use. The court's order also directed the Township to revalidate the use permit.

The property in question is a large 30-foot square garage which had been converted, at sometime in the past, into a machine shop. In July of 1967, when the present owner purchased the property on which the subject building stands, the garage was rented to a tenant engineer who did prototype work, including patent development, after his regular working hours. At that time the garage housed an extensive amount of metal-working machinery, lathes, grinders, milling machines, drill presses and saws. For some six months during 1968, this same tenant expanded the activity into "shopping shop work," i.e., small-scale production. Although the record indicates some question as to whether the machine shop was in operation after September of 1968, the record clearly shows that the machinery was still on the premises until at least May of 1971, when the tenant removed the machinery.

On September 17, 1971, the Gaunt brothers executed an agreement for the purchase of the premises through real estate agents representing both the buyer and seller. Because there was a question concerning the nonconforming use of the property, the seller's real estate agent accompanied the Gaunts and their real estate agent to the Township's Director of Licenses and Permits. The record clearly shows that the Gaunts made a complete disclosure of their intended use of the property as a woodworking shop which would entail the use of powered saws, drills, planers and sanders. Apparently the Director of Licenses and Permits was satisfied that the Gaunts' intended use

was the continuation of the existing nonconforming use. Upon the payment of the $10.00 fee, the permit was issued September 20, 1971. It should be noted that the agreement to sell the realty to the Gaunts contained a condition that the sale was subject to approval by the Township for the intended woodworking shop usage. After receiving the permit issued by the Township, the transaction was closed on November 19, 1971 and almost immediately thereafter the Gaunt brothers moved their machinery and commenced the operation of their woodworking business (mainly the construction of kitchen cabinets).

Because the Gaunt operation created more noise than had the activities of the previous tenant, and because certain woodburning odors were emitted, the neighbors in the area made complaints to the Township officials. The Gaunts were advised that their permit would be withdrawn, and, some seven months later, they were advised by the same Director of Licenses and Permits that they were required to file a petition for a variance. The petition was filed, but, after consulting counsel, the Gaunts withdrew the petition on May 25, 1972. Thereafter, on a date not disclosed anywhere in the record, an undated petition signed by neighbors protesting the Grants' use of the property was presented to the Board in some undisclosed manner. On June 27, 1972, the Township Solicitor sent a letter to the Gaunts alleging that the use permit had been issued based upon "some misinformation presented to Township officials" and that "it appears the nonconforming use upon which the permit was based may have in fact expired. . . ." The letter also notified the Gaunts that the permit would be withdrawn as of July 27, 1972.

Thereafter, on August 1, 1972, one of the neighbors, utilizing an application to the Board for a special exception or variance, sought to take an appeal "against

the issuance of the use permit." Interlineated on the form were the allegations that the nonconforming use had been abandoned, and that the Gaunts' use was different from that of the prior nonconforming use.

After a hearing, the Board issued an adjudication in which it found that (1) the prior valid nonconforming use had been abandoned "possibly as early as September 1968"; and, (2) the carpentry shop use was different and distinct from the prior machine shop use. The Board concluded, therefore, that the use permit was not permitted under the ordinance and the appeal of the neighbor was sustained.

In the appeal to the court below, the Gaunts for the first time raised an issue regarding the jurisdiction of the Board to entertain the petition of the neighbor. This petition had been filed more than one year after the permit had been issued and, therefore, was arguably beyond the time limitation set forth in section 915 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P. L. 805, *as amended,* 53 P.S. §10915. The court, without receiving any additional evidence or testimony and ignoring the new issue interposed in the case by the Gaunts, in effect reversed the Board. The lower court's opinion was based upon two conclusions. First, the court felt that the petitioning neighbor had not sustained her burden of proving abandonment of the nonconforming use. Second, and alternatively, the court concluded that while the Gaunts had changed the nature of the use from a machinery shop to a woodworking shop, this was of no consequence, since, under the ordinance, woodworking shops were permitted in commercial zones but machine shops were only allowed in more permissive industrial classification. Neither usage is permitted in residential zones, such as the one involved in the instant case. It seems that the court was saying in effect, that while the nature of the nonconforming use had changed, this

fact should not affect the Gaunts' rights since their new use, while still nonconforming, is less offensive to the ordinance than was the original use.

Upon appeal to this Court, the Township raises three issues, concerning (1) whether the Board had jurisdiction; (2) whether the record establishes an abandonment; and, (3) whether the Gaunts' use was a continuation of the prior nonconforming use.

In view of the fact that the court below did not receive any additional evidence or testimony, the scope of review of this Court is to determine whether the Board abused its discretion or committed an error of law. *Dewald v. Board of Adjustment, City of Pittsburgh*, 13 Pa. Commonwealth Ct. 303, 320 A. 2d 922 (1974); *Campbell v. Zoning Hearing Board of Plymouth Township*, 10 Pa. Commonwealth Ct. 251, 310 A. 2d 444 (1973).

Section 915 of the Code, 53 P.S. §10915, in effect at the time this petition was filed, reads as follows: "No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given." Although the Township argues that section 915 is applicable only for applications for development and not for use permits, a careful reading of the Code indicates that the Township is in error. A reference to sections 1007 (53 P.S. §11007), 909 (53 P.S. §10909) and 1005 (53 P.S. §11005) makes it quite clear that section 915 is applicable. Our review of the record indicates beyond all doubt that the petitioner and her supporting neighbor protestants were aware of the Gaunts' usage for a long period prior to the filing

of the petition, which occurred more than ten months after the application for the use permit was granted. It quite naturally follows, therefore, that the Board did not have jurisdiction to entertain the petition.[1]

Although not necessary for this opinion, we note in passing that insofar as the merits of the case are concerned, the court below was quite correct in saying that the burden of proving an abandonment of the nonconforming use was on those who asserted it. *See Hilltown Township v. Horn,* 13 Pa. Commonwealth Ct. 248, 251, 320 A. 2d 153, 155 (1974) and *Urbano v. Zoning Hearing Board,* 6 Pa. Commonwealth Ct. 297, 305, 294 A. 2d 403, 407 (1972). The record supports the conclusion of the court below that the petitioner in this case did not sustain her burden of proving an abandonment of the nonconforming use. Our careful review of the zoning ordinance and the record permits us to conclude that the court below was also correct in its observation that the Gaunts' usage is not significantly different from the prior nonconforming usage of this property, and, therefore, the difference is not a sufficient reason to deny the Gaunts the use permit which was issued to them. For these reasons, the order of the court below must be affirmed.

---

[1] In *Herdelin v. Greenberg,* Pa. Commonwealth Ct. , 328 A. 2d 552 (No. 127 C.D. 1974, filed November 25, 1974), this Court has recently made a similar holding in a case arising under the Zoning Code of Philadelphia County, §14-1807, and Rule 1 of the Zoning Board of Adjustment of the City of Philadelphia. Judge Rogers' opinion in *Herdelin* discusses the policy considerations behind requiring strict adherance to established procedures at the municipal level in zoning cases. His reasoning is equally applicable to the instant case.