## Lanning Appeal

Before Bodley, Ludwig, and Bortner, *JJ.*

*David L. Shenkle*, for appellants.
*William H. R. Casey*, for appellee.
*Charles J. King*, for intervenors.

BODLEY, *J.*, May 23, 1978—In this zoning appeal, it is alleged that the Warrington Township Zoning Hearing Board erred when it denied the relief sought by appellants and sustained the issuance of a building permit to David and Robert Eastburn, owners of a nearby property. Both the

Eastburns and the township have intervened in this appeal in support of the decision of the zoning hearing board.

Upon application of the Eastburns, the township zoning officer issued a building permit on August 26, 1975, in order that they might alter and repair a two-story garage building located on their premises and used as an adjunct to their greenhouse business. The essence of the intended alteration included enlargement of garage door openings and the change of the A-frame roof to a barn-type hip roof in order to give increased head room on the second level and permit more convenient storage. No change was contemplated nor in fact made to the area involved.

During the course of alteration work, the township zoning officer, on October 9, 1975, issued a cease and desist order after having been informed that the work in progress did not conform precisely to the diagram submitted by the Eastburns with their application for the building permit. Subsequently, on October 27, 1975, one of the owners submitted a written explanation for the variance. As he pointed out, the purpose of the renovation was to permit the housing of two vehicles and the use of the second floor for the storage of equipment used in his greenhouse business. He explained that after construction had begun it was realized that the planned eight feet opening would not accommodate one of the vehicles which measured eight feet by five feet. Hence a few inches additional height was needed to accommodate the truck and the overhead garage door track. In addition, it was explained that the second floor height area had been planned for a six foot ceiling but having hired an employe who was six foot three inches in stature

it was deemed necessary to increase the ceiling height accordingly. Being satisfied with this explanation the zoning officer lifted the stop work order on October 28, 1975, and the revised dimensions were noted on the plan.

Appellants filed an appeal with the zoning hearing board on December 10, 1975, stating that the decision appealed from was the action of the zoning officer "in amending building permit No. 3317B originally issued August 26, 1975, and amended on or after October 27, 1975." By way of relief they asked that the zoning hearing board direct the removal of the structure and direct the Eastburns to cease and desist from using their land "in contravention of the zoning ordinance . . . ," thereby presumably seeking a determination that the Eastburns might not continue in their greenhouse business. Hearing was had and the appeal was denied.

In its decision the zoning hearing board found as a fact that the greenhouse operation was a lawful nonconforming use, having been in existence since 1950. It was agreed by all that the garage in question is an accessory building as defined by section 103.1 of the Warrington Township zoning ordinance. The board found that the area dimension of the garage had not been altered but that the pre-alteration height of the A-frame roof was 15 feet from the garage floor level whereas the building as constructed increased this height to 19.5 feet. It also found that a 15-feet height limitation for accessory buildings referred to in section 1007 of the zoning ordinance applied only in residential districts and did not apply to a residential-agricultural district, the zone in which the subject property is located. The board considered, but disagreed with,

the Eastburns' contention that appellants' appeal to the zoning hearing board had not been timely filed. Because we find that the board erred in this regard we shall dismiss the appeal without considering the merits of the case.

Section 915 of The Municipalities Planning Code[1] provides in pertinent part:

"No person shall be allowed to file any proceeding with the board later than thirty days after any application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given. . . . "

It is clear beyond peradventure of doubt that the appeal to the zoning board, although dated November 26, 1975, was not filed until December 10, 1975. On that date the written appeal was received along with filing fee of $100 and an escrow sum of $500. The receipt of the township for this sum is found in the return of the board and notes that the same was received from appellants on December 10, 1975 "for zoning hearing—appeal of building permit issued to Eastburn. . . . " The testimony of the township manager confirms this. He explained that he received inquiry about an appeal on November 26 from a representative of appellant, but that the appeal form was actually filed on December 10, 1975.

---

1. Act of July 31, 1968, P.L. 805, art. IX, sec. 915, as amended by the Act of June 1, 1972, P.L. 333, sec. 915, 53 P.S. §10915.

In rejecting intervenor Eastburns' complaint that the appeal had not been timely filed, the board concluded that since a dimensional change had been made on the original plan approved August 26, 1975, the appeal period should not run from the date of the issuance of the permit, August 26, 1975, but rather, as the board put it, from "the submission of the amended application which was made on October 27, 1975." The board then went on to state that since the appeal was "filed by the appellant on November 26, 1975" it was within the time prescribed by section 915 of the code.

Assuming, arguendo, that Eastburns' explanation of the slight deviation in height dimensions from the original plans submitted constituted an "amended application," as the board put it, or assuming that the removal of the stop work order constituted an amendment of the building permit issued August 26, 1975, as presumably maintained by appellant in its initial appeal to the zoning board, nonetheless, the appeal filed December 10, 1975, was not timely and hence must be dismissed.

The board erred in finding that the appeal had been filed on November 26, 1975, and we find to the contrary. The board apparently based its conclusion in this regard upon the testimony of the township manager who stated that since "this was an unusual appeal" and since inquiry concerning the appeal had been made on November 26, he had told the Lannings that November 26 would be the date which, in his words, he "would consider it filed because they asked for and did not receive an official appeal from us at that time." The township manager has no power under law to extend the limitation expressed in section 915. In point of fact, the issue raised by appellants in their appeal to the

zoning hearing board did not concern the height deviation at all, but rather the grounds for the appeal were stated to be (1) that the landscaping and nursery business had been expanded beyond the limits of its prior nonconforming use existence (2) that there should have been a special exception requested by the landowners for such expansion and (3) that the business activities conducted on the property represented a "nuisance."

Further, and assuming for the moment that such issues could be reached by way of appeal from the issuance of a building permit (which we do not here decide), the time for filing the appeal began to run on August 26, 1975. The structural height variation between that initially approved and that subsequently accepted upon the removal of the stop work order in no way gave rise to or affected appellants' pre-existing rights to raise the issues they now raise.

Moreover, appellants made no effort to bring themselves within the exception to the 30-day rule by alleging lack of notice, knowledge or reason to believe that approval had been given the Eastburns to proceed with the alteration work. The record makes it quite clear that from the inception of the work appellants were fully aware of the issuance of the permit and of the construction. The testimony of the township manager concerning the numerous complaints about the work received from appellants fully illustrates actual knowledge on appellants' part of the issuance of the permit and the undertaking of the alteration work.

The exclusive mode for securing review of the actions of a zoning officer in the issuance of a building permit is through appeal to the zoning hearing board within 30 days from the issuance of such permit: Soltis v. Hanover Associates, 22 Pa. Com-

monwealth Ct. 637, 350 A. 2d 217 (1976). A zoning hearing board has no jurisdiction to entertain an appeal following the expiration of the 30 day period: Township of Upper Moreland v. Gaunt, 16 Pa. Commonwealth Ct. 334, 328 A. 2d 556 (1974). It is clear that the legal requirement cannot be waived. In the absence of allegation and proof of lack of notice and knowledge of the action of the zoning officer, and there was none here, the 30-day appeal period is jurisdictional: See Herdelin v. Greenberg, 16 Pa. Commonwealth Ct. 405, 328 A. 2d 552 (1974).

## ORDER

And now, May 23, 1978, for the foregoing reasons, the appeal is dismissed.