Michael Krivosh and Gale W. McClimans, Appellants *v.* City of Sharon, Appellee.

Argued November 3, 1978, before Judges ROGERS, BLATT and MACPHAIL, sitting as a panel of three.

*Charles S. Hersh,* with him *P. Raymond Bartholomew,* and *Cusick, Madden, Joyce and McKay,* for appellants.

*John J. Regule,* for appellee.

OPINION BY JUDGE ROGERS, December 18, 1978:

This is the appeal of Michael Krivosh and Gale W. McClimans[1] from an order of the Mercer County Court of Common Pleas entering summary judgment against them and in favor of the City of Sharon in their suit in assumpsit against the City for accumulated sick pay benefits allegedly wrongfully withheld. We affirm the order of the court below and adopt relevant portions of the able and comprehensive opinion of the Honorable JOHN Q. STRANAHAN, as follows:

The plaintiffs, three retired police officers of the City of Sharon, filed an action in assumpsit, seeking compensation for accumulated sick pay benefits they claim are now due under Section 3(e) of City Ordinance 20-64, adopted June 17, 1964. The relevant portions of Ordinance 20-64 are as follows:

---

[1] There were three plaintiffs below. The third, Michael E. Croft, is not a party to this appeal because the court below, for reasons not necessary here to relate, denied the City's motion for judgment against him.

Section 3.   Sick Benefits.

(C) All other employees [other than members of the fire department] of the City of Sharon may accumulate sick leave for a period not to exceed five (5) years of employment, or a total of sixty (60) days. The provisions of this section shall not be construed to limit or to withdraw sick leave already earned prior to this amendment. . . . (E) All city employees upon retirement . . . , who have accumulated sick leave during their employment in excess of fifteen (15) days, shall be entitled to a lump sum payment amounting to sixty (60) per cent of the accumulated days of sick leave, based upon the employee's salary at the time of death or retirement.

The plaintiff, Michael Krivosh, retired on May 16, 1976. The plaintiff, Michael Croft, retired on July 19, 1976. The plaintiff, Gale McClimans, retired on May 14, 1975. Plaintiffs Krivosh and Croft were paid their accumulated sick leave benefits in accordance with an agreement between the City of Sharon and the Rose of Sharon Lodge No. 3, Fraternal Order of Police, which was effective as of January 1, 1976. The plaintiff McClimans was paid his accumulated sick leave benefits in accordance with an agreement between the City of Sharon and the Rose of Sharon Lodge No. 3, Fraternal Order of Police, dated February 27, 1975. The relevant provisions of the two agreements are identical to each other and read as follows:

All policemen shall be permitted to accumulate sick leave benefits of twenty (20) days per year up to a maximum of

one hundred twenty (120) days. In event of retirement, each policeman shall receive reimbursement at the rate of seventy-five (75%) per cent of their annual base salary for all sick days accumulated at the time of retirement or death, up to a maximum of one hundred twenty (120) days.

Each agreement also contains the following clause:

All ordinances or parts of ordinances inconsistent with this agreement are hereby repealed.

Each plaintiff, upon retirement, was paid sick pay benefits based on 120 days accumulated sick days, the maximum provided by the agreements.

The plaintiffs claim that these payments were made only for accumulated sick leave earned subsequent to Ordinance 20-64 and that the plaintiffs were not compensated for the sick days that were already accumulated at the time of adoption of the Ordinance. Plaintiff Krivosh claims this amounted to 115 days. Plaintiff Croft claims this amounted to 128 days and plaintiff McClimans claims this amounted to 104 days of accumulated sick leave as of December 31, 1964. The defendant challenges these figures and answers that the plaintiffs accumulated only 60, 63 and 56 days, respectively, as of 1964.

The defendant, in support of its motion for summary judgment, asserts that Ordinance 20-64 did not create any vested benefits in its employees at the time of adoption and, in the alternative, that the ordinance was repealed by the subsequent collective bargaining agree-

ments. It further asserts that the plaintiffs, in their pleadings, admitted that they were paid their sick-leave benefits at the time of their retirement in accordance with the provisions of said collective bargaining agreements in effect at time of their retirement.

The issues the Court must here resolve are as follows:

1. Did Ordinance 20-64 create any vested rights at the time of its adoption?

2. If so, what rights were vested?

3. What is the effect of the collective bargaining agreements on the ordinance?

. . . .

Did the Ordinance Create Vested Rights?

The payment at retirement of a benefit based on accumulated sick leave is considered a retirement benefit. Pennsylvania State Education Association v. Baldwin Whitehall School District, 30 Pa. Commonwealth Ct. 149, 372 A.2d 960 (1977). As such, the law is summarized in Dombrowski v. Philadelphia, 431 Pa. 199, 245 A.2d 238 (1968) at 210:

. . . When an employee has satisfied the conditions placed by a retirement system upon his right to retirement benefits, . . . , his right to retirement benefits becomes vested with only the enjoyment thereof postponed.

When a right becomes vested, a contractual obligation exists, and the person entitled to the retirement benefits cannot be deprived of them. Retirement Board of Allegheny County v. McGovern,

316 Pa. 161, 174 A. 400 (1934). A vested right cannot be disturbed by subsequent legislation. Nelson v. Borough of Ford City, 66 D. & C. 2d 435 (1974). McBride v. Allegheny. County Retirement Board, 330 Pa. 402, 199 A. 130 (1938).

In this case, using the test in Dombrowski v. Philadelphia, supra, the conditions to be satisfied are that the person be a city employee and that the employee have accumulated sick leave during his employment in excess of fifteen days (Section 3[E], Ordinance 20-64. Through their pleadings the parties agree that all the plaintiffs were city employees and that they have accumulated more than fifteen days of sick leave (although they disagree as to the exact number of days).

Therefore, the conditions having been satisfied, the rights to retirement benefits were vested in all three plaintiffs at the time of adoption.

## What Rights Were Vested?

The rights vested are stated in section 3[E] of the ordinance. This includes the right to a lump sum payment amounting to sixty percent of accumulated sick days at the salary at the time of retirement when it shall be paid. Section 3(C) of the same ordinance limits the number of days to a maximum of sixty. Section 3 (C) also states that the ordinance would not limit or withdraw sick days already accumulated.

This Court interprets this ordinance to create a vested right in city employees

to a claim based on a maximum of sixty days, or the number of days accumulated as of December 31, 1964, whichever is greater. It does not create a right to a claim based on sixty days in addition to that which has already been accumulated. Therefore, if the claims are correct, plaintiff Krivosh has a vested right to a claim based on 115 days, plaintiff Croft has a vested right to a claim based on 128 days, and plaintiff McClimans has a claim based on 104 days.

### The Effect of the Collective Bargaining Agreements

Both the 1976 agreement (Section 18) and the 1975 agreement (Section 8) provide that all policemen are permitted to accumulate 20 days per year up to a maximum of 120 days. At the time of retirement the policemen are reimbursed at 75% of their annual base salary. It was under these provisions that the retirement benefits were paid to the plaintiff.

Whether the agreements repealed the inconsistent parts of the 1964 ordinance depends on whether this is a proper subject for collective bargaining. In Pennsylvania Labor Relations Board v. State College Area School District, 461 Pa. 494, 337 A.2d 262 (1975), the Supreme Court, interpreting the Public Employee Relation Act, 43 P.S. 1011.101 et seq., stated that the right to collective bargaining was necessary to promote orderly and constructive relationships between public employers and employees. In the Com-

monwealth Court opinion of the same case, 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973), reversed on other grounds, 461 Pa. 494, 337 A.2d 262 (1975), retirement allowances were held to be bargainable item.

Pennsylvania State Educational Association v. Baldwin Whitehall School District, 30 Pa. Commonwealth Ct. 149, 372 A.2d 960 (1977), relied on State College to hold that payment of a retirement allowance on a basis of the public employee's unused accumulated sick leave was a proper subject for collective bargaining unless such a provision would be explicitly and definitely prohibited or would be in conflict with statutes or provisions of municipal home rule charters.

Since the purpose of both the collective bargaining agreements and the ordinance was to provide a benefit for public employees, the agreements would only be in conflict with the ordinance if they terminated or diminished some vested contractual right of the employees. Nelson v. Borough of Ford City, supra. Sage v. Police Pension Commission, 72 D. & C. 2d 668 (1975). The vested right involved here is a claim to have a lump sum payment of 60% of the greater of 60 days or accumulated sick days as of December 31, 1964. This is what the employees would have received had there been no collective bargaining agreements in 1975 and 1976 (or other amending ordinances).

With respect to plaintiffs Krivosh and McClimans, the effect of the agree-

ments was to increase the benefits to be received. The agreements raised the maximum number of days on which a claim can be based to 120 days and the rate at which to be reimbursed at 75%. In conjunction with Ordinance 20-64, this is interpreted to create a vested right in a claim based on a maximum of 120 days or the number of accumulated sick days as of December 31, 1964, whichever is greater. Plaintiffs Krivosh and Mc-Climans did not lose what they were entitled to through Ordinance 20-64; they merely had it paid at a higher rate.

## ORDER

And Now, November 15, 1977, this Court makes the following order with respect to defendant's motion for summary judgment in accordance with Rule 1035 of the Pennsylvania Rules of Civil Procedure:

1. With respect to plaintiff Michael Krivosh, the motion for summary judgment is granted.

2. With respect to plaintiff Gale W. McClimans, the motion for summary judgment is granted.

. . . .

Order affirmed.

## ORDER

And Now, this 18th day of December, 1978, the order of the Mercer County Court of Common Pleas made November 15, 1977 is affirmed.