Municipality of Hermitage et al., Appellants *v.* Hickory Township Fraternal Order of Police Lodge No. 82, by its Trustees Ad Litem, Joseph Novotny and Donald Marenchin, Appellees.

Argued March 14, 1985, before Judges MacPhail, Barry and Colins, sitting as a panel of three.

*Thomas W. Kuster, Cusick, Madden, Joyce and McKay,* for appellants.

*Charles S. Hersh,* for appellees.

Opinion by Judge Colins, May 17, 1985:

This is an appeal by the Municipality of Hermitage and its Board of Commissioners from a decision and order of the Court of Common Pleas of Mercer County which required the Municipality to pay Donald Marenchin accumulated sick pay benefits when he reaches the age of fifty-five (55).

Donald Marenchin was employed as a police officer in Hermitage for twenty-one (21) years until December 31, 1979. On that date, he terminated his employment with the Municipality in order to assume the office of Sheriff of Mercer County, a position for which he campaigned and was elected. At the time of his termination, Marenchin requested that he be paid his accumulated, but unused, sick leave benefits in accordance with the provisions of paragraph 5 of an Arbitration Award[1] dated November 29, 1978, which subsequently became a term of the collective bargaining agreement between Lodge No. 82 and the Municipality.[2] Hermitage refused to pay Marenchin these benefits. Lodge No. 82, the exclusive bargaining representative, pursuant to the Pennsylvania Labor Relations Act for the Hermitage police officers, then filed a mandamus[3] action on behalf of Marenchin against the Municipality and its Board of Commissioners. A stipulation of facts was entered into and filed with the Court of Common Pleas of Mercer County. On February 3, 1984, the Court of Common Pleas ordered the Municipality to pay Marenchin his accumulated sick pay benefits (155 days), with payment to be made when Marenchin becomes fifty-five (55) years old. An appeal to this Court followed.

---

[1] In 1977, Lodge No. 82 and Hermitage commenced collective bargaining for the purpose of reaching a collective bargaining agreement for the calendar year 1978. The parties were unable to reach an agreement. Therefore, in accordance with Section 4(a) of the Act of June 24, 1968, P.L. 237, 43 P.S. §217.4(a), they submitted their dispute to final and binding arbitration before an arbitration panel.

[2] Paragraph 5 was incorporated by reference into the collective bargaining agreement covering the period from January 1, 1980, through December 31, 1981.

[3] Appellants did not contest the propriety of a mandamus action, rather than assumpsit, as was noted by Judge Acker in the trial court opinion.

The Municipality argues that Marenchin is not entitled to recover accumulated sick leave benefits pursuant to paragraph 5 of the Arbitration Award claiming that Marenchin did not actually retire from his position as police officer, but voluntarily left to become Sheriff of Mercer County. We disagree.

Paragraph 5 provides that: "Accumulated sick leave up to 155 days shall be paid to officers upon their retirement."

The payment upon retirement of a benefit based on accumulated sick leave may constitute a retirement benefit. *Pennsylvania State Education Association v. Baldwin*, 30 Pa. Commonwealth Ct. 149, 372 A.2d 960 (1977). Furthermore, "when an employee has satisfied the conditions placed by a retirement system upon his right to retirement benefits . . . , his right to retirement becomes vested with only the enjoyment thereof postponed." *Dombroski v. Philadelphia*, 431 Pa. 199, 210, 245 A.2d 238, 244 (1968). Once "a right becomes vested, a contractual obligation exists, and the person entitled to the retirement benefit cannot be deprived of them." *Krivosh v. City of Sharon*, 39 Pa. Commonwealth Ct. 297, 301, 395 A.2d 632, 634 (1978).

However, a right becomes vested only when the conditions of eligibility have been satisfied. In the instant case, Marenchin's right to these retirement benefits had vested due to his having worked as a police officer for more than twelve (12) years (the minimum service required by the contract). Although Marenchin, at his leaving, had not in one sense "retired", *i.e.*, "withdrawn from active duty or business," he had "withdraw[n] from [his] office . . . [or] occupation. . . ." (Both phrases are given as definitions of "retired" and "retire" respectively in *Webster's Third New International Dictionary* 1939 (1976). Semantics apart, he has, in fact, retired from the police depart-

ment, with vested rights, although he is not yet chronologically eligible for these benefits.

Accordingly, Marenchin is entitled to be paid his accumulated sick leave benefits when he becomes fifty-five (55) years of age, the minimum benefit age under the contract.

The order of the Court of Common Pleas of Mercer County is affirmed.

### ORDER

AND Now, this 17th day of May, 1985, the order of the Court of Common Pleas of Mercer County, dated February 3, 1984, is hereby affirmed.