## Moyer v. Lehighton Borough Zoning Hearing Board

*Marc D. Jonas and David B. Shulman*, for appellant.
*William H. Bayer*, for appellee.

LAVELLE, *P.J.*, June 18, 1986—We have before us the appeal of Kent R. Moyer (hereafter Moyer) from the decision of the Zoning Hearing Board of

the Borough of Lehighton (hereafter board) revoking a permit issued to him for the construction of a crematorium at a funeral home owned by him in the Borough of Lehighton.

The acting borough zoning officer, Mortimer Smedley, issued the crematorium permit to Moyer on July 22, 1985. Neighbors of the Moyer Funeral Home (protestants) filed an appeal to the board on September 12, 1985.

Moyer challenges the jurisdiction of the board to hear the appeal and attacks the board's action by citing a number of irregularities in the proceedings and decision of the board.

After a full review of the record, the legal briefs and arguments of counsel, we agree with Moyer that the proceedings before the board were untimely and that the board had no legal authority to revoke the crematorium permit.

## DISCUSSION

Section 915 of the Municipal Planning Code is clear. See Act of July 31, 1968, P.L. 805, art. IX, §915, as amended, 53 P.S.§10915. It prohibits the filing of any proceeding before the board beyond 30 days after the grant or denial of a permit, unless the protestant "alleges and proves that he had no notice, knowledge or reason to believe that such approval had been given." 53 P.S.§10915.

Protestants had until August 22, 1985 to appeal the issuance of the permit. The appeal was not filed until 21 days after the appeal period expired.

We do not agree with the zoning board's contention that Moyer waived the jurisdictional defect. He properly raised this issue after the board's evidentiary record was closed. It may or may not be that the failure to allege lack of knowledge in the appeal would not be fatal if explanatory evidence was

provided at the board's hearing. However, it was protestants' obligation and burden of proof to establish at the hearing the jurisdictional facts necessary to invoke the board's power. They presented no evidence on this issue.

It is well settled that, in the absence of such evidence, an appeal beyond the 30-day period is untimely and the board is without subject-matter jurisdiction to proceed. Appeal of Gilbert, 39 Pa. Commw. 299, 383 A.2d 556 (1978); Reserve Township v. Zoning Hearing Board of Reserve Township, 78 Pa. Commw. 496, 468 A.2d 872 (1983). Constrained, as we are, to follow these firmly rooted legal principles, we hold that the board had no jurisdictional authority to revoke Moyer's permit.

We have considered the board's argument that, because the permit was "conditional," the board never lost jurisdiction. There is neither legal authority nor logic in this proposition. The conditions attached to the permit were those of compliance. While the board may have authority to revoke the permit if Moyer deviates from the restrictions imposed, it does not retain jurisdiction to review the underlying wisdom, as it did here, of Mr. Smedley's grant of the permit beyond the statutorily mandated 30-day period.

Finding that the board's lack of jurisdiction is dispositive of this appeal, we do not reach nor do we express any opinion on the other issues raised by Moyer.

For the foregoing reasons, we enter the following

ORDER

And now, this June 18, 1986, upon consideration of the appeal of Kent R. Moyer from the revocation of a zoning permit issued on July 22, 1985, it is ordered, adjudged and decreed that the appeal be and

610

is hereby sustained and the decision of the Zoning Hearing Board of the Borough of Lehighton revoking appellant's permit be and is hereby reversed.

Costs on appellee.