Miller & Son Paving, Inc., Appellant v. Wrightstown Township, Appellee.

Wrightstown Township, Appellant v. Miller & Son Paving, Inc., Appellee.

Submitted on briefs, April 2, 1979, to Judges CRUM-LISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Stephen B. Harris,* and *Harris, Seglem and Harris,* for Miller & Son Paving, Inc.

*Terry W. Clemons,* Solicitor, for Wrightstown Township.

OPINION BY JUDGE ROGERS, May 7, 1979:

The zoning officer of Wrightstown Township, Bucks County ordered Miller & Son Paving, Inc. to cease and desist from the following activities in connection with its quarrying operations alleged to be in violation of the township zoning ordinance: (1) depositing overburden material from its existing quarry

onto land in a zoning district in which quarrying activities were prohibited, (2) failing to observe a 50 foot berm set-back requirement, (3) failing to observe a 200 foot blasting and excavating set-back, and (4) failing to fence as required. On appeal, the Zoning Hearing Board decided that Miller had committed the following violations: (1), depositing overburden on land where quarrying was prohibited, and (4), failing to fence; but that Miller had not in fact committed offenses (2), failing to observe the 50 foot set-back for berm or (3), failing to observe the 200 foot blasting and excavating set-back. Both the township and Miller appealed to the Court of Common Pleas of Bucks County which affirmed the Zoning Hearing Board's decision in all respects. Both parties have again appealed. Having submitted the matter to still another review, we agree with the court below that the Zoning Hearing Board correctly decided all points in issue.

The township says with respect to alleged violations (2) and (3) that the Zoning Hearing Board should have found as facts that Miller encroached on the set-backs. As Judge Arthur B. Walsh, Jr. explained, it is not the reviewing court's function, where it does not take evidence, to consider questions of the weight and credibility of evidence but that its duty in such case is only to determine whether the Board's findings are supported by substantial evidence.

Miller makes points of law with respect to the violations which it was found to have committed: (1) depositing overburden on land where quarrying was prohibited and (4) failing to fence. As to the first, Miller complains of what it says is a fatal variance between the charge of moving overburden from its existing quarry onto land not zoned for this activity and the proofs, which were that it stripped the overburden, in apparent preparation for quarrying, from the land not zoned for quarrying. As to the second charge, Miller

says, apparently quite seriously, that since it has a nonconforming use it has a right to conduct its operations exactly as it did prior to the enactment of the Zoning Ordinance, including the right to continue to quarry without providing a fence.

Judge WALSH in a thorough opinion referred to those places in the record where the Board's findings favorable to Miller with respect to the set-back issues were supported.

Judge WALSH also correctly determined that Miller was sufficiently apprised of the nature of the offense found with respect to placing overburden on the land not zoned for quarrying in the course of the five hearings conducted over eleven months and that no nonconforming rights to quarry its land were interfered with by requiring Miller to fence its operations for the safety of the public.

We therefore affirm the order below making specific reference to Judge WALSH's able opinion to be found at Bucks County, Civil Action Law, Nos. 76-13051-08-5 and 77-0819-08-5.

ORDER

AND Now, this 7th day of May, 1979, the order of the Court of Common Pleas of Bucks County made November 18, 1977 is affirmed.