In Re: Appeal of W. B. Dodge, Jr. from the Decision of the Upper Merion Township Zoning Hearing Board of Upper Merion Township as to Lots Nos. 6 and 7, Schenley Avenue, Upper Merion Township, Montgomery County, Pa. W. B. Dodge, Jr., Appellant.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*Gregory J. Dean,* with him *Meneses & Dean,* for appellee.

OPINION BY JUDGE WILKINSON, JR., May 24, 1979:

This is an appeal from the denial of an application for a special exception or variance to construct a single family dwelling on an undersized "lot" in Upper Merion Township (Township). The Court of Common Pleas of Montgomery County in an opinion and order sustained the determination of the Zoning Hearing Board (Board). We affirm the order.

Appellant is the owner of two contiguous lots (hereafter lots 6 and 7) which constitute the "lot" in issue. It is in an area of the Township which is zoned R-2 residential. The original two lots, now one "lot", are laid out in a subdivision plan, recorded in 1925, each 20 feet by 100 feet. At the time of the enactment of the Township zoning ordinance in 1942, and until 1961, the two lots were held by George Elliott and his wife. In 1961, lot 6 was conveyed to Godfrey Elliott and lot 7 to William Elliott. Thereafter, Grace Building Company, Inc., acquired lot 7 in 1964 and lot 6 in 1966 and subsequently conveyed both to appellant in 1969. On October 9, 1975, appellant sought a special exception or variance to construct a single family dwelling on the "lot", formerly two lots. The "lot" in every respect meets none of the dimensional requirements of an R-2 District, being most notably deficient in total area, R-2 requiring 10,000 square feet and the combined lots having an area of 3,940 square feet, and lot width, R-2 requiring 70 feet and the lots having a combined width of 40 feet. The Board found, *inter alia,* that the proposed use would substantially injure and detract from the use of neighboring property, would adversely affect

the character of the neighborhood and would be adverse to the public interest.[1]

Section 2001-B of the Upper Merion Township Zoning Ordinance imposes the following guidelines on the Board in considering whether to grant a special exception:

B. [The Board] must determine that the proposed change will not substantially injure or detract from the use of neighboring property or from the character of the neighborhood and that the use of the property adjacent to the area included in the proposed change or plan is adequately safeguarded.

C. It must determine the proposed change will serve the best interest of the Township, the convenience of the community and the public welfare.

Applying this Section to the property in question the Board has stated:

---

[1] The Board and the court of common pleas reasoned that because the lots lost their common ownership when they were divided by conveyances to Godfrey and William, a special exception was not available to appellant under Section 1601 A of the Township zoning ordinance which provides:

When authorized as a Special Exception, a building may be erected or altered on any lot held in single and separate ownership on the effective date of this Ordinance which is not of the required minimum area or width . . . for the District in which the lot is situated.

In interpreting that provision of the ordinance this Court stated in *In Re Appeal of Grace Building Co.*, 38 Pa. Commonwealth Ct. 178, 181, 392 A.2d 888, 889 (1978):

The crucial date for examining the ownership status of the property under the section, therefore, is not the date of the application but rather the effective date of the zoning ordinance.

On the "crucial date" in this case the property was held in single and separate ownership by George Elliott and thus, we believe, appellant was entitled to seek a special exception under Section 1601 A.

Since [the adoption of the Township zoning ordinance] every home [in the area], with the exception of a few which received variances for some minor deviations in area and yard requirements, was built in accordance with the existing zoning law. Here we have a deviation in lot area, lot width and sideyard requirements. The lot area proposed is less than half what the zoning ordinance requires. The lot width at the building line is almost half of that which is required by the zoning ordinance. The side yard setbacks are violated to a great extent. The house and lot would not be in keeping with the immediate neighborhood.[2]

Upon this evidence, we conclude the Board's finding that the guidelines were not met with respect to this property was not an abuse of discretion or error of law. Moreover, appellant's assertion that the Board placed the burden of proof on appellant regarding these guidelines is not supported by the record or a reading of the Board's decision. Consequently, appellant's reliance on *Berlant v. Lower Merion Township Zoning Hearing Board,* 2 Pa. Commonwealth Ct. 583, 279 A.2d 400 (1971), where the burden of proof was an issue, is misplaced.

Appellant also contends the Board erred in denying its application for a variance, relying on our decisions in *Harper v. Zoning Hearing Board,* 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975) and *Jacqueline v. Horsham Township,* 10 Pa. Commonwealth

---

[2] This quotation appears in a decision of the Board (then the Board of Adjustment of Upper Merion Township) dated August 19, 1968 which considered an application by appellant's predecessor in title to the two lots, Grace Building Co., Inc., for a special exception under Section 1601 A of the Township ordinance to construct a single family dwelling on the lot. The decisions was incorporated by reference in the Board's decision on this application and is a part of the record.

Ct. 473, 312 A.2d 124 (1973). However, both those cases turned on the question of the hardship imposed on undersized lots and the statutory requirement of necessary hardship as established in subsections (1), (2) and (3) of Section 912 of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 850, *as amended*, 53 P.S. §10912(1), (2) and (3). In this case, it is clear the Board relied on the statutory authority granted it in subsection (4) of Section 912 which empowers the Board to consider whether the granting of a variance would alter the essential character of the neighborhood, substantially or permanently impair the use of adjacent property and be detrimental to the public welfare. It is apparent that the Board's findings regarding the applicability of Section 2001-B and the grant of a special exception are equally relevant in the consideration of whether appellant met his burden of proof regarding subsection (4) of Section 912. Equally appropriate for consideration in this regard are the proposed dimensions of the dwelling evidenced by appellant's plot plan which shows that while the building would be situate on a lot of less than half the square feet of the area requirements of the district, it would nonetheless comprise 25 percent compared to the allowable 30 percent maximum building space on lots in an R-2 district. Given this evidence and compared with the development of the entire plan we cannot conclude the Board abused its discretion in denying the variance requested.

The remaining issues raised by appellant allege errors of law in the procedure of this case before the Board. Since this case is factually and in all relevant respects on all fours with recent decisions of this Court wherein appellant's legal arguments were fully considered and rejected, we need not deal with them at length here. Specifically, we find: (1) the asser-

tion that appellant was prejudiced, *i.e.,* denied due process, by the office of Township solicitor serving as counsel to the Board controlled by our decision in *Spencer v. Hemlock,* 43 Pa. Commonwealth Ct. 37, 402 A.2d 1087 (1979); (2) the assertion that the Board is not a proper party to an appeal from its decision controlled by our decision in *Marzo v. Zoning Hearing Board,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977); and (3) the assertion that the failure of the Board to hold a hearing within 45 days of the initial application renders the application approved pursuant to Section 908(9) of the Code, 53 P.S. §10908(9), controlled by our decision in *Appeal of Grace Building Co.,* 42 Pa. Commonwealth Ct. 589, 401 A.2d 407 (1979).

Accordingly, we will enter the following

ORDER

AND Now, May 24, 1979, the order of the Court of Common Pleas of Montgomery County, No. 76-01926, dated January 5, 1977, is hereby affirmed.