Altpa, Inc., Ernest E. Lindh and Virginia Lindh, Appellants *v.* North Huntingdon Township Zoning Hearing Board, Appellee.

Argued May 3, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*William G. Sherr, Stark and Sherr,* for appellants.

*Victor R. Delle Donne, Baskin and Sears,* with him *Thomas P. Cole, II,* for appellee.

OPINION BY JUDGE CRAIG, June 4, 1982:

This is a zoning appeal from the Court of Common Pleas of Westmoreland County, in which the court and the Zoning Hearing Board of North Huntingdon Township have both upheld the township zoning officer's revocation of an occupancy certificate issued to Altpa.

The building leased by Altpa from the Lindhs is located in the R-2 residential zone under the township's zoning ordinance. Before Altpa leased the building, it was used as a bar, a nonconforming use.

Altpa's occupancy certificate application stated that Altpa would use the building for "retail sales," specifically discount and distressed merchandise; retail sales is not a use permitted by right in the R-2 zone. The zoning officer issued an occupancy certificate permitting Altpa to use the building for "retail sales." Altpa then began to use the building as an adult bookstore and to install motion picture booths for displaying films.

By letter sent 18 days after the certificate issuance, the zoning officer revoked that occupancy certificate on the ground that Altpa had misrepresented the type of business it would conduct and because he determined that he should not have issued a certificate for any business other than a bar—that is, no change to a different nonconforming use was allowable.

The latter point is decisive in prompting us to affirm the decision here. Because the record reveals no legal or factual basis for allowing a change from the pre-existing legal nonconforming use as a restaurant (bar) to retail sales (bookstore),[1] the revocation of

---

[1] Because a store, whether for "adult" materials or not, does involve retail sales, and because the township has presented us with no ordinance provision making any distinction as to such materials, the alleged misrepresentation is not crucial to our analysis.

the occupancy certificate was proper and properly upheld.

There is no constitutionally protected right to change from one nonconforming use to another. Allowance of a change of nonconforming use is based upon the ordinance and is limited according to the ordinance's terms. *William Chersky Joint Enterprises v. Board of Adjustment,* 426 Pa. 33, 231 A.2d 757 (1967). Because Altpa is unable to point to any provision in this ordinance allowing one nonconforming use to be changed to another, the occupancy certificate here was invalidly issued and hence properly revoked.

Altpa, in addition to raising some meritless procedural contentions,[2] also has made claim, from the outset of its appeal to the board, for restoration of the permit by way of special exception or variance.

Altpa has the burden of bringing the use within an ordinance provision authorizing a special exception, *Sites v. West Goshen Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 78, 287 A.2d 909 (1972), but Altpa has cited no ordinance provision as a basis for allowing a special exception use.

Altpa also had the burden of proving entitlement to a variance under Section 912 of the Pennsylvania

---

[2] Altpa argues that (1) the township failed to intervene, (2) the board lacks standing as appellee here, and (3) the same attorney cannot represent both the township and the board in this appeal. We reject these contentions because: (1) the record contains the township's petition to intervene and the common pleas court's order granting the township intervenor status; (2) the board has standing to defend its decision as an appellee before a court of common pleas and subsequently before this court, *Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977); and (3) the record shows that the solicitors representing the township and the board are different attorneys.

Municipalities Planning Code,[3] *Campbell v. Zoning Hearing Board of Plymouth Township,* 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973), but Altpa has not offered any evidence of unique circumstances or hardship.

Although Altpa also attacked the validity of the ordinance in the original notice of appeal filed with the board, the record contains no citation to ordinance provisions or any other evidence to indicate that bookstores, whether or not characterized as "adult," or whether or not regarded as retail sales, are excluded from the township. Altpa thus did not present any case establishing that the ordinance is invalid as exclusionary zoning. *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971).

Accordingly, we affirm the order of the court of common pleas.

ORDER

Now, June 4, 1982, the order of the Court of Common Pleas of Westmoreland County, dated April 6, 1981, is hereby affirmed.

---

[3] Section 912 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10912.