The Highland Park Community Club of Pittsburgh v. The Zoning Board of Adjustment et al. Donald Zappa et al., Appellants.

Argued October 7, 1982, before Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*John L. Elash, Elash, Miller & DePasquale,* for appellants, Donald Zappa and Concetta Imbarlina.

*B. Blair Crawford,* with him *Kathryn E. H. Katsafanas,* for appellee.

OPINION BY JUDGE ROGERS, December 8, 1982:

Donald Zappa and Concetta Imbarlina, owners of an improved property in the Highland Park area of Pittsburgh, appeal from an Order of the Court of Common Pleas of Allegheny County reversing the Pittsburgh Zoning Board of Adjustment's grant of their application to convert a two family residential structure on the property to five residential apartments.

It is clear and undisputed that the R-2 zoning district in which the property is located does not permit the multi-family use approved by the board of adjustment. Very little else about the theory of this litigation can be stated with any degree of certainty.

The appellant's application to the zoning officer and, on appeal from an initial denial, to the board of

adjustment is styled an application for a variance and for a special exception. A review of the applicable provision of the Pittsburgh Zoning Code, Chapter 931.05, reveals that multi-family apartment uses are not among those permitted either by special exception or, we add, as conditional uses. As to the request for a variance, no evidence was offered at the hearing before the board of adjustment which would support a variance claim; that is, that physical characteristics of the property or incompatible neighboring uses make it physically impossible or economically infeasible to develop the property in conformance with the zoning regulations. *Appeal of American Medical Centers, Inc.*, 54 Pa. Commonwealth Ct. 573, 577, 422 A.2d 1192, 1194 (1980). To the contrary, no evidence concerning physical characteristics peculiar to the property was adduced and the property not only can be developed as zoned but is now so developed. *Cf. Appeal of Theresa McGinnis*, 68 Pa. Commonwealth Ct. 57, 448 A.2d 108 (1982). We note that on two previous occasions, in 1976 and 1979, the board of adjustment denied variance applications substantially similar to that made in this case.

Nevertheless, the board granted the relief requested on the basis of the following reasoning and factual findings:

FINDINGS OF FACT. Testimony at the hearing indicated that this structure was occupied at one time as a private parochial school. There is a certificate of occupancy on file dated December 27, 1967, for the private parochial school use. . . .

This is a very large structure with more than adequate parking being provided on the property itself.

. . . . .

The Board of Adjustment has determined, after hearing the testimony and reviewing the evidence in this matter, that the proposed use is certainly not more detrimental than the prior parochial school use. Additionally, the Board is of the opinion that the proposed use is more in keeping with the character of the neighborhood than the parochial school use.

It is the further opinion of the Board of Adjustment that the approval of this appeal would not have a detrimental effect on abutting and adjacent properties or on the community in general and that to deny this appeal would place an undue hardship upon the Appellants; therefore, the Board grants the appeal for four (4) dwelling units with six (6) parking stalls on the property as proposed on the revised plot plan.

It appears, then, that the decision of the board of adjustment is based not on any of the theories which the applicants advance but on the board's finding that the property had been developed for a nonconforming school use before the enactment of the Pittsburgh Zoning Code and its conclusion that the two-family structure could, therefore, now be lawfully converted to apartment use.

The evidence is simply insufficient to support the finding of a preexisting nonconforming use. An occupancy permit indicates that the structure was used as a school in 1967 and at least one witness testified that the school use began some years earlier, perhaps even during the year of enactment of the current zoning code, 1958, but no testimony or other evidence supports a finding that the school use antedated the effective date of the zoning regulations. Moreover, schools are *permitted* as conditional uses in the R-2

zone under the current regulations and, therefore, school use even if it existed before zoning, was not thereafter a nonconforming use. Finally, it is conceded that the current owners have never used the subject property as a school but, instead, have, since at least 1976, used the property as a two-family dwelling; a use permitted in the zoning district. Even if a legal nonconforming school once existed on the property, therefore, any right in the appellants to perpetuate that use would appear to have been abandoned. *See Miorelli v. Zoning Hearing Board of Hazletown*, 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977).

Recognizing that, in any event, the doctrine of protected nonconforming uses applies only to the original use, here a school, *Hanna v. Board of Adjustment*, 408 Pa. 306, 183 A.2d 539 (1962). Judge Papadakos, for the trial court, held that the Pittsburgh zoning code forbids a dimensionally conforming structure used as a nonconforming school to be converted to a nonconforming apartment use, citing, quite properly, chapter 991.03(b)(1) which is as follows:

(b) Nonconforming Use of Structures.

(1) In a conforming structure, a nonconforming use:

A. May be continued, but may not be reinstated when such nonconforming use ceases or is changed to a conforming use, or when the nonconforming use of the structure or portion thereof is discontinued for a continuous period of one year or more.

B. May not be enlarged in any way or be added to or changed to another nonconforming use.

We agree with the trial court that this provision would seem to prohibit in this case the relief granted by the

board of adjustment even if it had been proved, as it was not, that the previous school use was lawfully nonconforming. The appellants do not argue for a different construction. On the occasion of this appeal the appellants have apparently abandoned the only theory on which they prevailed below; conversion of a lawful nonconforming use, and state as the single issue for our resolution:

Whether the decision of the Zoning Board of Adjustment, granting a variance in the use of a residential dwelling, was supported by substantial evidence in the record, and was proper within [sic] it's [sic] discretion.

As we have indicated, the board of adjustment did not grant a variance and, in any event, no grounds sufficient to support the grant of a variance were the subject of the appellants' proofs.

Order affirmed.

ORDER

AND Now, this 8th day of December, 1982 the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.