Rose Tscheschlog, Appellant *v.* Board of Supervisors of Tinicum Township, Appellee.

Argued December 10, 1984, before Judges Rogers, Colins and Senior Judge Kalish, sitting as a panel of three.

*Scott A. Fleischauer,* with him, *Keith A. Clark, John B. Lampi* and *Sarah Slesinger Smith,* for appellant.

*William E. Benner,* with him, *Samuel G. Moyer* and *George M. Bush, Hartzel & Bush,* for appellee.

OPINION BY SENIOR JUDGE KALISH, March 19, 1985:

This is an appeal from the denial of a license to operate a junkyard as a nonconforming use. A junkyard is defined by township ordinance as "the accumulation of more than two unlicensed automobiles or parts thereof." Tinicum Township Ordinance No. 7 §1(d) (1976).

The appellant contends that the trial court committed an error of law when it concluded that a nonconforming use had been abandoned.

In a zoning case where, as here, the court took testimony, review by this Court is limited to a determination of whether or not the trial court abused its discretion or committed an error of law. *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton Township,* 21 Pa. Commonwealth Ct. 137, 344

A.2d 277 (1945). Abandonment is a question of fact and includes the intention to abandon. This intention may be determined by overt acts, or a failure to act, as well as statements. *Marchese v. Norristown Borough Zoning Board of Adjustment*, 2 Pa. Commonwealth Ct. 84, 277 A.2d 176 (1971). The burden of proving abandonment is on those who assert the abandonment. *Miorelli v. Zoning Hearing Board of Hazleton*, 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977).

The facts, as found by the trial court and based on substantial evidence, show that the appellant operated a junkyard on the entire original tract since 1945. From 1958 to 1977, the appellant applied for and received a license to operate a junkyard as a nonconforming use, first on the original tract and later, for division of the tract into Lot 1 and Lot 2, she obtained a license for Lot 1. On November 18, 1977 she sold Lot 1 to her brother-in-law, John Tscheschlog. He applied for and obtained a junk dealer's license for the year 1978, but did not apply for a renewal of his 1979 license at the beginning of the year.[1] After being approached by one Peter Grave who wanted to purchase junkyard Lot 1, he did make an application, in October of 1979, for a new junkyard license, just prior to a conveyance to Peter Grave and wife. This application was denied.

The trial court further found that at the time of the 1978 renewal, John Tscheschlog had stated that he was no longer in the junkyard business and was paying the $10.00 renewal fee only to insure compliance with the law while cleaning up the junkyard; that in fact he did begin a clean-up operation. The trial court also

---

[1] Section 2 of Tinicum Township Ordinance Number 7 provides that a license to operate a junkyard must be renewed annually on or before January 1 of each year.

found that he stated to another zoning officer that he would request no 1979 license and that the operation as a junkyard had been discontinued and had ceased to function. The township ordinance defines a junkyard as "the accumulation of more than two unlicensed automobiles or parts thereof." Tinicum Township Ordinance No. 7 §1(d) (1976). The trial court found that at all times there were more than two unlicensed cars on the property.

We agree with the trial court that these facts show more than a mere temporary cessation of business, but rather an intent to and actual abandonment of the nonconforming use. The fact that two junked cars remained on the lot, while a factor to be considered in determining intent, is not decisive on the issue of abandonment. It is the intent gathered from all the circumstances that is crucial.

Affirmed.

### ORDER

The order of the Court of Common Pleas of Bucks County, docket number 79-1403713-5, dated March 9, 1981, is hereby affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.