## D'Eramo v. Hopewell Township Zoning Board

*Mitchell T. Shahen,* for plaintiffs.
*William Hare,* for defendant.

MANNIX, *J.,* September 30, 1987— This matter comes before the court on motion of the Hopewell Township Zoning Hearing Board to quash the zoning appeal filed June 29, 1987, by Vincent and Mary Darlene D'Eramo. The board contends that inasmuch as the D'Eramos have conveyed away their entire interest in the subject property and have moved from the township, they no longer have standing to pursue the within appeal and therefore, the matter is moot. The D'Eramos, in turn, argue that the board has no standing as a party to this appeal and is, therefore, in no position to present this motion.

The suggestion that an appellee/zoning hearing board might lack standing in an appeal from one of its decisions is, in this court's opinions, a novel one. We cannot imagine a zoning appeal proceeding without the presence of the board as a party for the purpose, of explaining/defending its decision before the court.[1] Appellants cite us to *Appeal of Myer's*

---

1. Furthermore, in the absence of the board, who would be designated as the appropriate party to bring matters such as

*Metered Gas Service,* 70 D.&C. 2d 90 (1974) and *In Re Appeal of Terra Grain Inc.,* 13 D.&C. 3d 400 (1979) in support of their position. Our review of these two cases indicates, however, that appellants' reliance on them is misguided.

The *Myer's* case stands for the proposition that a zoning hearing board may not *itself* appeal or intervene in court proceedings regarding one of its decisions. We have no trouble agreeing with this proposition. However, this has no application where, as here, the zoning hearing board is simply the named appellee and did not itself appeal, seek to intervene, or in any other manner cause this action to come before this court. (See also, *ZHB of Derry Twp. v. Dove,* 69 Pa. Commw. 486, 451 A.2d 812 (1982)). The *Terra Grain* case, in a footnote, reads: "In making its return, the board filed what it calls an 'answer.' There is no authority or procedure under the Pennsylvania Municipalities Planning Code . . . or the Local Rules of Court of Lancaster County for such a pleading." Nowhere in the case is it asserted that the board lacked standing in the zoning appeal; it simply had filed an improper pleading. Neither of these cases, therefore, provides any authority for appellants' suggestion that the Hopewell Township Zoning Hearing Board has no standing to present the within motion where it is the named appellee.

On the other hand, there are appellate cases upholding the standing of a zoning hearing board in an appeal brought by a landowner or other aggrieved party. Key among these is *Marzo v. ZHB of Abington Twp.,* 30 Pa. Commw. 225, 373 A.2d 463

---

timeliness and mootness (as herein) of the appeal to the attention of the court? No appellant would dare jeopardize its case by raising such matters. Should the court be forced to function as party-opponent with regard to such issues? We think not.

(1977). There, the court stated:

"Appellants' final claim is that neither appellee (the ZHB) nor intervening appellee (the township) has standing. Again, we must disagree. Nothing in the Pennsylvania Municipalities Planning Code . . . deprives a zoning hearing board of standing to defend its decision as appellee before a court of common pleas or subsequently before an appellate court." Id. at 233, 373 A.2d at 466. See also, *ALTPA Inc. v. North Huntington Twp ZHB*, 67 Pa. Commw. 62, 445 A.2d 1358 (1982); *Gilbert v. Montgomery Twp. ZHB*, 58 Pa. Commw. 296, 427 A.2d 776 (1981). As the situation herein is analogous to the one in *Marzo* above, we are compelled to find that the Zoning Hearing Board of Hopewell Township does have standing, as an appellee, to defend its decision and, in the course of so doing, to present the motion we will now consider.

The zoning hearing board has attached a copy of a general warranty deed dated August 11, 1987, and recorded at Deed Book, Vol. 1305, page 524, in our recorder of deeds office to its motion. Said deed transfers the subject property, located at 1900 Brodhead Road, Hopewell, from appellants, Vincent and Mary Darlene D'Eramo, to Fred and Nancy Daniel, who are not parties to this instant appeal. Appellants do not deny that they have relinquished their entire interest in the property, but maintain that their willingness to pursue this appeal somehow preserves their standing as a party. We cannot agree.

To have standing to appeal a decision of a zoning hearing board not involving the validity of an ordinance,[2] one must either be a landowner, 53 P.S.

---

2. We note that appellants are not here seeking to challenge the validity of the ordinance, but are simple requesting "interpretation" of the same.

§11006, or a "person aggrieved", 53 P.S. §11007. Although appellants still owned the subject property when the zoning hearing board rendered its decision, and even when they filed the instant appeal, they have since conveyed away their title and are no longer "landowners" within the scope of section 11006 of the Pennsylvania Municipalities Planning Code. Not being landowners, if appellants are to have standing, it would have to be as "persons aggrieved". *Florida First Born Capital Corp. v. Lansdale Boro ZHB,* 103 Montg. Co.L.R. 368 (1978).

Section 11007 of the Pennsylvania Municipalities Planning Code permits zoning appeals by "persons aggrieved", which phrase has been construed by the Commonwealth Court:

"A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that *he must have a direct interest* in the subject matter of the particular litigation, *otherwise, he can have no standing to appeal.* And not only must a party desiring to appeal have a direct interest in the particular question litigated, but *his interest must be immediate and pecuniary,* and not a remote consequence of the judgment. The *interest must also be substantial." Cablevision v. ZHB of Easton, Pa.,* 13 Pa. Commw. 232, 235, 320 A.2d 388, 390 (1974). (emphasis supplied) See also, *Metzger v. ZHB of the Twp. of Warrington,* 85 Pa. Commw. 301, 481 A.2d 1234 (1984); *Florida First Born Capital Corporation v. ZHB of the Boro of Lansdale,* 40 Pa. Commw. 448, 397 A.2d 838 (1979).

ty, appellants have demonstrated no direct interest in the matter now appealed other than their simple desire to follow it through to its conclusion. Such desire, without more, cannot sustain appellants'

standing even as "persons aggrieved". Thus, appellants have no standing in the instant zoning appeal; and, the present property owners have not attempted to intervene in this action, so the D'Eramo appeal will be dismissed. For the foregoing reasons, the following order is entered.

## ORDER

And now, this September 30, 1987, following legal argument in open court and a review of the legal memoranda submitted by counsel for the respective parties;

It is ordered that the motion to quash filed by the Hopewell Township Zoning Hearing Board be, and the same hereby is, granted and the zoning appeal filed by Vincent and Mary Darlene D'Eramo is hereby dismissed.