532 A.2d 537

Harold J. Epting and Margaret Hellinger, Appellants *v.* Marion Township Zoning Hearing Board and Marion Township, Appellees.

Argued April 24, 1987, before Judges MACPHAIL and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Stephen B. Lieberman,* with him, *Barry W. Sawtelle, Lieberman & Rothstein, P.C.,* for appellants.

*Charles F. Fitzpatrick, Miller and Murray,* for Marion Township Zoning Hearing Board.

*Gene M. Venzke,* for intervenor, Marion Township.

OPINION BY JUDGE DOYLE, October 22, 1987:

Harold J. Epting and Margaret Hellinger (Appellants) appeal from an order of the Court of Common

Pleas of Berks County, which affirmed a decision of the Marion Township Zoning Hearing Board (Board) holding that Appellants could not lawfully place a mobile home on their property. We affirm.

Appellants own twelve acres of land in Marion Township (Township), which is used as a farm. Located on their property is at least one dwelling used as their residence and five other farm buildings. In 1976, Appellants added a separate mobile home to their property, a lawful use of their property at that time. A security guard, who worked part-time as a farmhand on the premises, lived in the mobile home. In 1979, Appellants' land was zoned A-R (Agricultural-Rural) and Appellants' principal residence as well as the mobile home were rendered nonconforming uses by this new zoning.[1] Sometime around March 1980, the mobile home was destroyed by fire.

After the fire, Appellants cleared debris from the site of the old mobile home, but took no other action. Appellants purchased a new mobile home on July 1, 1983, which was moved onto the premises on August 24, 1984. The mobile home was to be used to house Appellant Hellinger's daughter, child and fiance.

Appellants applied to the Board for a variance or a declaration that the use of their property constituted the continuation of a nonconforming use. The Board found

---

[1] Section 403(3) of the Township zoning ordinance provided that any new dwelling in an A-R district must be constructed on a forty-acre lot and meet other area and yard requirements of that ordinance. Section 502 of the zoning ordinance requires that if more than one dwelling is located on a single lot, each dwelling on that property must meet the requirements of the zoning code for that district "as though it were on an individual lot." Since Appellants' mobile home was not on a forty-acre lot, and did not meet the yard and area requirements of Section 403(3), it violated the Township zoning ordinance.

that Appellants were not entitled to a variance and that they had abandoned their nonconforming use.

Appellants appealed to the court of common pleas. During the course of proceedings before the trial court, the Appellants moved to strike the Board and its brief as a party to the appeal. Their motion was denied. The trial court also allowed the Township to intervene four months after the filing of Appellants' appeal. Subsequently, the trial court, without taking additional evidence, upheld the Board's determination that Appellants had abandoned their nonconforming use and were not entitled to a variance. The trial court, however, based its decision on a different section of the Township's zoning ordinance than that relied upon by the Board. This appeal followed.

Our scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether the zoning hearing board committed an error of law or a manifest abuse of discretion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its essential findings of fact are not supported by substantial evidence. *Id.; see* Section 1010 of the Pennsylvania Municipalities Planning Code (MPC).[2]

Appellants' first contention is that the Board lacked standing to be an *appellee* before the common pleas court and this Court. We have previously rejected this contention in *Marzo v. Zoning Hearing Board of Abington Township,* 30 Pa. Commonwealth Ct. 225, 373 A.2d 463 (1977). *See also Altpa, Inc. v. North Huntingdon Township Zoning Hearing Board,* 67 Pa. Commonwealth Ct. 60, 445 A.2d 1358 (1982) (following *Marzo);*

---

[2] Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11010.

*Appeal of Dodge,* 43 Pa. Commonwealth Ct. 65, 402 A.2d 273 (1979) (following *Marzo*).

Appellants ask us to reconsider *Marzo,* where we stated, "[n]othing in the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq., deprives a zoning hearing board of standing to defend its decision as an appellee before a court of common pleas or subsequently before an appellate court." *Marzo,* 30 Pa. Commonwealth Ct. at 233, 373 A.2d at 466. We find *Marzo* to be a correct statement of the law and hence decline to alter it.

Appellants argue that it is somewhat anomalous that a zoning hearing board has no standing to prosecute an appeal as an appellant from a reversal of its decision by a court, *Lansdowne Borough Board of Adjustment's Appeal,* 313 Pa. 523, 170 A. 867 (1934), yet it is allowed to appear as an appellee; but it has always been the rule in Pennsylvania to allow a zoning hearing board to appear to defend its decision in its role as fact finder and adjudicator. This fact is amply demonstrated by a perusal of numerous cases of our Supreme Court and this Court that have allowed zoning hearing boards to appear and defend their positions before our tribunals.[3]

---

[3] We find persuasive as to why zoning hearing boards should be allowed to defend their decisions before our courts the reasons advanced by a leading treatise writer:

At first blush it may seem a little odd to find the zoning hearing board—a quasijudicial body—appearing before a court to defend its own decision. However, a rule which denies the board's standing rests on an inaccurate assumption; that is, that in all zoning cases there are two parties—other than the zoning board—present before the court and able to submit arguments in support of their respective positions. Where zoning protestants file an appeal from the grant of a zoning application, the applicant himself usually will intervene and defend the action of the

Appellants' second contention is that the trial court abused its discretion when it allowed the Township to intervene four months after Appellants filed their appeal to the court of common pleas. Appellants urge that the Township had to intervene within thirty days under

> board. However, most appeals are initiated by property owners whose applications have been denied. In some cases, the application was uncontested before the board. In others, any protest was offered by groups or individuals unable or unwilling to expend the sums necessary to intervene in an appeal in their own right. To deny the zoning hearing board standing to serve as an appellee in either situation is to permit the appeal to go to the property owner by default, or to rely on the municipality to intervene, or to impose on the courts the task of developing any arguments in opposition to the appellant. And even where private parties are present on both sides of a zoning appeal, there is no assurance that their private interests will lead them to present all of the arguments which should be offered to the court.

R. Ryan, Pennsylvania Zoning, §9.5.5 (1981).

Appellants cite our Supreme Court's decision in *Norate Corp., Inc. v. Zoning Board of Adjustment,* 417 Pa. 397, 207 A.2d 890 (1965) for the proposition that a zoning hearing board lacks standing as an *appellee* before a court. In *Norate,* the common pleas court held that the zoning board had erred in denying Norate Corporation a special exception as adverse to the health, safety, morals and general welfare of the community, but further held that an amendment to the township zoning ordinance creating the special exception was itself invalid, thus affirming the board's denial of a permit, but on somewhat different grounds. On appeal to the Pennsylvania Supreme Court by Norate where the Board was an *appellee,* the Court did hold that the Board lacked standing to participate with the following statement: "[a]s to Norate's initial contention, it is clear that the Board has no standing: Lansdowne Borough Board of Adjustment's Appeal, 313 Pa. 523, 170 A. 867; Perelman v. Yeadon Borough, 144 Pa. Superior Ct. 5, 18 A.2d 438. However, the Township certainly has standing." *Id.* at 401, 207 A.2d at 892. We note first that in both cases cited by the Supreme Court, *Lansdowne Borough* and *Perelman,* the zoning board has been the *appellant,*

Section 1009 of the MPC,[4] and that its failure to do so should have barred it from participating in this case. We disagree with Appellants' interpretation.

Section 1009 provides as follows:

> Within the thirty days first following the filing of a zoning appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same upon each appellant or each appellant's counsel of record. *All other intervention shall be governed by the Rules of Civil Procedure.*

53 P.S. §11009, (emphasis added). We have previously interpreted the last sentence of Section 1009, which states that "[a]ll other intervention shall be governed by the Rules of Civil Procedure," to allow a party who could have intervened as of course within thirty days under Section 1009 to intervene after that time pursuant to the provisions of Pa. R.C.P. Nos. 2326-2350. *Grove v. Zoning Hearing Board of Thornbury Township,* 40 Pa. Commonwealth Ct. 47, 397 A.2d 22 (1979). *See also DeMeno v. Zoning Hearing Board of Plymouth Township,* 82 Pa. Commonwealth Ct. 334, 474 A.2d 1180 (1984).

Appellants rely heavily on the case of *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa. Commonwealth Ct. 27, 475 A.2d 1366 (1984) to support

---

and second, the "only *significant* role which the zoning board could have assumed in the appeal would have been to contest the soundness of that portion of the lower court's ruling which *reversed* the board's denial of the special exception." R. Ryan, Pennsylvania Zoning, §9.5.6 (1981) (emphasis added). Thus, *Norate* is limited to its facts.

[4] 53 P.S. §11009.

their interpretation of Section 1009. In that case, neighboring property owners attempted to intervene as parties in a zoning case before the common pleas court one-and-a-half months *after* that court had decided the case. This Court stated in *Gilchrist* that the trial court did not abuse its discretion in denying the neighbors' attempt to reopen the case. We stated there that the neighbors had to intervene under Section 1009 if they desired to participate in the proceedings before the common pleas court. *Id.* at 32, 475 A.2d at 1368.

*Gilchrist* is inapposite here, however, because in that case the neighbors made no attempt to intervene or take any action prior to the common pleas court's decision of the case. The neighbors' failure to attain party status in the common pleas court prior to that court's decision of the case meant they could not attempt to reopen the court's decision. The Township's petition to intervene in this case, although filed four months after the filing of Appellants' appeal to the common pleas court, was filed two months before the scheduled hearing date. Since Appellants have not shown that the Township's delay in moving to intervene was unreasonable or prejudiced them in any manner, we find the court did not abuse its discretion in allowing the Township to intervene. *Grove.*

Moreover, to accept Appellants' interpretation of Section 1009 would lead to the absurd result that a municipality, a party with perhaps the strongest interest, would be barred from participation if it did not intervene within thirty days, while other parties with a lesser interest could intervene at any time. Since the legislature does not intend a result that is absurd or unreasonable, we must reject Appellants' interpretation. *Lehigh Valley Cooperative Farmers v. Bureau of Employment Security,* 498 Pa. 521, 447 A.2d 948 (1982).

Last, Appellants contend they had not abandoned their nonconforming use. The burden of proving the abandonment of a nonconforming use rests upon the party asserting the abandonment. *Miorelli v. Zoning Hearing Board of Hazelton,* 30 Pa. Commonwealth Ct. 330, 373 A.2d 1158 (1977). In order to establish abandonment, the burdened party must show that the landowner or occupier intended to abandon the use and that the use was actually abandoned. *Smith v. Zoning Board of Appeals, City of Scranton,* 74 Pa. Commonwealth Ct. 405, 459 A.2d 1350 (1983). In the present case, the Township has a zoning ordinance that provides as follows:

> Any non-conforming building or structure or a building or structure containing a non-conforming use of which the basic structural elements are totally. destroyed by any means may be rebuilt and used for the same non-conforming use or a non-conforming use of a more restricted classification. Any subsequent building, structure, or use of the land shall comply to the coverage, yard and height requirements of the zoning district in which it is located. *New construction shall begin within eighteen months of the date of destruction and be carried to completion without interruption.*

Marion Township, Pa., Zoning Ordinance §607(1) (1983) (emphasis added). The effect of such a provision is to create a presumption that the landowner or occupier intended to abandon the use. *Smith.* This presumption is sufficient to carry the protestant's burden to prove intent to abandon if no contrary evidence, such as *overt acts* indicating an intent to continue the use, is introduced on behalf of the landowner or occupier. The production of evidence of an intent other than that of abandonment, *which is believed by the fact-finder,* will re-

but the presumption and return to the protestants their burden of proof on this issue. *Smith; Kuhl v. Zoning Hearing Board of Greene Township,* 52 Pa. Commonwealth Ct. 249, 415 A.2d 954 (1980). In any event, the presumption raised by provisions such as Section 607 has only to do with the issue of intent to abandon; actual abandonment for the period prescribed by the ordinance must always be shown. *Smith.*

Whether a landowner or occupier has abandoned a nonconforming use is a question of fact, which includes the issue of an intent to abandon, and depends upon examination of all the various factors presented in a particular case. *Williams v. Salem Township,* 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985); *Tscheschlog v. Board of Supervisors of Tinicum Township,* 88 Pa. Commonwealth Ct. 256, 489 A.2d 958 (1985). In the present case, the Board found that Appellants did not buy the new mobile home until 1983, and that the decision to move the mobile home to the property in August 1984 was brought about by Appellants' desire to lessen crowded conditions in the dwelling house on the property and to provide some degree of privacy to Appellant Hellinger's daughter, fiance, and child. These findings are supported by substantial evidence and may not be disturbed by this Court. *Boundary Drive Associates v. Shrewsbury Township Board of Supervisors,* 507 Pa. 481, 491 A.2d 86 (1985).

Appellants contend here that they have produced sufficient evidence to rebut the presumption of intent to abandon. Appellants argue that because they removed the burned-out mobile home from their property, did not seek a change in their tax assessment, and left in place the electrical, telephone and sewage connections, which ran from the dwelling house to the burned-out mobile home, they produced sufficient evidence to re-

but the presumption and shift the burden back to the Township. We must disagree.

In order to rebut the presumption, the landowner or occupier must produce evidence, such as *overt acts,* indicating an intent to continue the use and *such evidence must be believed by the fact-finder. Smith.* Appellants state that their removal of the remains of the burned-out mobile home showed an intent to continue the use. This act, however, is equivocal, and as the trial court aptly pointed out, Appellants would have had to clear the property of the debris to have made *any* use of that portion of the property. Likewise, Appellants' failure to seek a change in their tax assessment is also equivocal. In any event, however, it was shown before the Board that it is the practice in Berks County to assess mobile homes separate and apart from a dwelling, even if both the dwelling and the mobile home were on the same property. It was also shown that Appellants received only one tax bill. This leads to substantial questions as to whether the first mobile home was ever assessed. Therefore, the Board could, in its role as trier of fact, give this evidence little or no weight at all. *Miller* & *Son Paving, Inc. v. Wrightstown Township,* 42 Pa. Commonwealth Ct. 458, 401 A.2d 392 (1979).

Similarly, Appellants' failure to remove the utility connections that ran to the former site of the trailer bespeaks neither an intent to continue the particular non-conforming use nor to abandon it. Viewing the evidence here in the light most favorable to the Board, we cannot say that the Board's ruling was in error.

Appellants further contend that the case should be remanded to the Board for the *Board's* application of Section 607(1) of the Township zoning ordinance in the present case.[5] We think the trial court acted properly

---

[5] The Board in its decision relied upon Section 603 of the Township zoning ordinance, which provides as follows:

by itself applying Section 607(1) to the facts presented here. The law in the Commonwealth is clear that an appellate court may affirm the judgment of an adjudicatory body (here, the Board), even though the reasons given by that body are erroneous, when the correct basis is clear on the record. *Bearoff v. Bearoff Brothers, Inc.*, 458 Pa. 494, 327 A.2d 72 (1974); *Rhoads v. Lancaster Parking Authority*, 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987). This rule has been held to be applicable to judicial review of agency determinations. *B.D.B., Inc. v. Pennsylvania Liquor Control Board*, 67 Pa. Commonwealth Ct. 72, 445 A.2d 1360 (1982). We find that under the limited circumstances presented here, a trial court, in a zoning appeal where the court takes no additional evidence, may affirm the decision of a zoning hearing board utilizing the proper section of the municipal zoning ordinance when the substitution of the proper section by the court would have exactly the same effect as utilizing the incorrect section of the ordinance used by the Board.

---

> A non-conforming use may not be re-established if the use is discontinued for a continuous eighteen month period if prior to that eighteen month period the owner does not inform the Township of his intention not to abandon the use. Vacation of land or buildings or the termination of the use normally carried on upon the property shall be evidence of discontinuance.

Marion Township, Pa., Zoning Ordinance §603 (1979). The trial court noted, however, that Section 607(1) of the Township zoning ordinance dealt specifically with the destruction of nonconforming uses, whereas Section 603 dealt only with abandonment of nonconforming uses in general. The trial court, invoking the rule of statutory construction that a specific ordinance provision takes precedence over a general provision, *see Heck v. Zoning Hearing Board for Harveys Lake Borough*, 39 Pa. Commonwealth Ct. 570, 397 A.2d 15 (1979), properly held Section 607(1) to be the applicable provision in this case.

Accordingly, the order of the Court of Common Pleas of Berks County is hereby affirmed.

ORDER

Now, October 22, 1987, the order of the Court of Common Pleas of Berks County, in the above captioned matter is hereby affirmed.