538 A.2d 135

Faith Presbyterian Church, an unincorporated association, by James P. O'Brien and Derek D. Williams, Trustees and Donald Smith, Owner, Appellants *v.* Bensalem Township Zoning Hearing Board, Appellee.

Argued December 15, 1987, before Judges BARRY and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Mark R. Semisch,* with him, *Donald A. Semisch,* for appellants.

*Andrew K. Worek,* with him, *Richard I. Moore, Moore & Berkowitz,* for appellee.

OPINION BY JUDGE COLINS, February 26, 1988:

Faith Presbyterian Church (appellant) appeals an order of the Court of Common Pleas of Bucks County (trial court) which affirmed a decision of the Bensalem Township Zoning Hearing Board (Board), granting the appellant's request for a variance but denying its application to continue a non-conforming use.

The property in question is located in an area which is presently zoned R-2 in Bensalem Township. The Bensalem Township Zoning Ordinance (Ordinance)[1] previously allowed the use of a building in an R-2 district for church purposes. However, in November of 1979, the Ordinance was amended to limit property used in R-2 districts to non-institutional purposes.

A building presently exists on the property that was used as a church by the Trevose Mennonite Church un-

---

[1] Bensalem Township, Bucks County, Pa., Zoning Ordinance No. 15 (December 6, 1954), *as amended* (June 30, 1986).

til the early 1980's. The present owner of the property, Mr. Donald Smith, purchased the building in 1980. He thereafter applied for a zoning variance to use the building on the property as an adult school, said application being granted. In conjunction with acquiring this variance, Mr. Smith removed the pews from the building and painted the building. Nevertheless, Mr. Smith never used the property as a school, but in October of 1985, leased the property to the appellant. Appellant now contends that the use of the building as a church was never abandoned and that, therefore, it is entitled to a certification of the continuance of a non-conforming use so that it may use the building located on the property in question as a church.

The sole issue before this Court is whether the Board erred in determining that the non-conforming use of the property was abandoned. Initially, we must note that where, as here, the trial court in reviewing a zoning appeal has taken no evidence beyond that presented to the Board, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Borough of Malvern v. Jackson*, 108 Pa. Commonwealth Ct. 248, 529 A.2d 96 (1987). We may conclude that the Board abused its discretion only if the findings are not supported by substantial evidence. By "substantial evidence" we mean such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 555, 462 A.2d 637, 640 (1983) (citations omitted).

Section 1100.4 of the Ordinance provides:
If a nonconforming use of a building or portion thereof or of land is discontinued for a period of one year, such nonconforming use shall not thereafter be re-established and the future use shall be in conformity with this Ordinance.

The appellant concedes that the word "discontinued," as used in the Ordinance, must be read as the equivalent of "abandonment." The Board held in its Order, of December 10, 1985, that "the former nonconforming use of the building as a church was abandoned when the building was not being used as a church when purchased by the present owner, who thereafter sought and obtained a variance for a different use, and who has not used the building as a church for the several years that he has owned the property."

Furthermore, in the Decision of the Board, dated February 4, 1986, which was considered as part of the record before the trial court, the Board made the following pertinent findings of fact:

13. The present owner, Donald Smith, purchased the property in 1980, removed the pews, painted it all up to use as a school, and requested a variance and/or a special exception to permit the operation of an adult school on the premises.

. . .

15. When the present owner purchased the subject premises, it was not then being used as a church and it has not been used for church purposes since he has owned it.

. . .

17. The Board does not find credible the testimony of Mr. Smith that he did not intend to abandon the use of the property as a church.

18. The Boards [sic] finds as a fact that the subject premises has not been operated as a church since early 1980.

. . .

20. The Board finds as a fact that the use of the property as a church was abandoned in 1980 when the Trevose Mennonite Church of Trevose ceased operations.

21.   The Board finds as a fact that Mr. Smith never intended to use this property as a church and if he ever had so intended, that he abandoned such an intention in 1981 when he removed the pews, repainted the building and personally sought and obtained a variance and/or special exception to use the building as an adult school.

22.   Article XI, Section 1100, of the Bensalem Township Zoning Ordinance, as amended, provides that a nonconforming use is a use which predates the 1954 effective date of the Zoning Ordinance and predates an amendment to the Ordinance prohibiting such use.

23.   The Board finds as a fact that no church use was made of the subject property since the present owner purchased it and that the Applicant has not demonstrated his right to a certification of a valid nonconforming use as a church since the use was abandoned, and has continued to be abandoned for a period of almost six (6) years.

We must conclude that the facts presented to the Board support the finding that the use of the property as a church was abandoned in 1980. Moreover, we conclude that Mr. Smith evidenced the intention to abandon the use of the property as such when he removed the pews, repainted the building and personally sought and obtained a variance to use the building as an adult school.

We begin our analysis by noting that the abandonment of a non-conforming use is a question of fact and includes the intention to abandon, which may be determined by overt acts, or a failure to act, as well as by statements. *Tscheschlog v. Board of Supervisors of Tinicum Township*, 88 Pa. Commonwealth Ct. 256, 489 A.2d 958 (1985). The burden of establishing that a non-

conforming use has been abandoned is on the protestant. *Williams v. Salem Township,* 92 Pa. Commonwealth Ct. 634, 500 A.2d 933 (1985), *petition for allowance of appeal denied,* 516 Pa. 615, 531 A.2d 781 (1987).

This Court, in the case of *Rayel v. Bridgeton Township Zoning Hearing Board,* 98 Pa. Commonwealth Ct. 455, 511 A.2d 933 (1986), held that the discontinuance of a non-conforming use for a period of time in excess of that called for in a zoning ordinance creates a presumption of an intent to abandon. However, this presumption is rebuttable. The owner may produce evidence other than that of abandonment.

The courts have found no intent to abandon a non-conforming use in cases where there have been facts to indicate a temporary discontinuance of a use which is the result of events beyond the owner's control. Such events include: war; shortage of materials and supplies necessary for the continued operation of the use; destruction of the property by natural disaster; the financial inability of the owner to carry on due to general economic depression and a cessation of business during the repair of the property. *See Smith v. Board of Zoning Appeals of the City of Scranton,* 74 Pa. Commonwealth Ct. 405, 410, 459 A.2d 1350, 1353 (1983). The instant matter does not fall within any of these circumstances.

The only evidence produced by Mr. Smith before the Board was that he had no intention to abandon the non-conforming use of the property as a church and that he was attempting to rent the property to a tenant for a church use. As indicated by the record, all of the acts committed by Mr. Smith relative to the property in question confirm that he intended to abandon and actually abandoned the non-conforming use.

This Court has held that the intent to abandon a non-conforming use may be shown by structural altera-

tions to a building, inconsistent with continuation of a present use. *Tantlinger v. Zoning Hearing Board of South Union Township,* 103 Pa. Commonwealth Ct. 73, 519 A.2d 1071 (1987) (replacement of mobile home with modular home was abandonment of non-conforming use and inconsistent with concept of continuing it). Upon purchasing the property in 1980, Mr. Smith removed the pews, painted the church for use as a school and requested and was granted a variance consistent with the operation of an adult school on the premises. Clearly, this alteration in the structure of the property evidences a clear intent to abandon the use of the property as a church. Since that time, the property has lain dormant for five years, having never been used as an adult school. Mr. Smith did not re-install the pews or change the structure of the building to reflect that it was once again suitable for use as a church.

Finally, we note that when Mr. Smith purchased the premises, it was not then being used as a church and has not been used as a church since that time. The facts clearly show more than a temporary cessation of the use of the property for church purposes. Therefore, we must conclude that the Board carried its burden of proof in showing Mr. Smith's intent to abandon the non-conforming use, as well as the actual abandonment of such. Accordingly, we affirm the Order of the trial court which affirmed the decision of the Board.

## ORDER

AND NOW, this 26th day of February, 1988, the Order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.