**ANTER ASSOCIATES, Appellant**

v.

**ZONING HEARING BOARD OF CONCORD TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 2011.

Decided March 23, 2011.

Samuel P. Kamin, Pittsburgh, for appellant.

Kathy Labrum, Media, for appellee.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Anter Associates (Anter) appeals from the December 9, 2009, order of the Court of Common Pleas of Delaware County (trial court), which affirmed the decision of the Zoning Hearing Board (ZHB) of Concord Township (Township) denying Anter's application for a special exception to erect a billboard. We affirm.

Anter applied for a special exception to erect a billboard on a 2.25–acre tract of unimproved land in the C–2 Planned Business and Commercial Zoning District. The property is bounded on the west and north by residential properties, on the east by the Historic Newlin Grist Mill and on the south by Baltimore Pike. The proposed billboard would have a 300–square–foot sign face attached to a monopole. It would be twenty-two feet high, as measured from the existing grade, twenty feet from the Baltimore Pike right-of-way and twelve feet from the residential property to the west. A historic home is located twenty-five feet further to the west.

■ After a hearing, the ZHB denied the application, concluding that Anter's application failed to comply with the following sections of the Zoning Ordinance: (1) section 210–242.D(3) (setting forth eight criteria for deciding whether the special exception would be contrary to standards of law); (2) section 210–183.10 (requiring a historic resource study); (3) section 210–129 (requiring a fifty-foot planted screen buffer); and (4) section 210–210.L(8) (requiring an engineer's certification that the billboard meets building code construction standards). (ZHB's Conclusions of Law, Nos. 2, 4, 5; ZHB's Op. at 17–18.) Anter filed an appeal with the trial court, which affirmed. Anter now appeals to this court.[1]

---

1. Where the trial court takes no additional evidence, our scope of review is limited to determining whether the ZHB committed an error of law or abused its discretion. *Valley View Civic Association v. Zoning Board of*

## I. Section 210–242.D(3)

■ Anter first argues that the ZHB erred in requiring Anter to comply with the special exception requirements in section 210–242.D(3). We agree.

Section 210–242.D(2) of the Zoning Ordinance states that an applicant for a special exception has the burden of establishing that allowance of the special exception will not be contrary to the standards of law. (Zoning Ordinance, § 210–242.D(2), R.R. at 100.) Section 210–242.D(3) then states:

In determining whether the allowance of a special exception . . . is contrary to the standards of law, the [ZHB] shall consider whether the application, if granted, will:

(a) Substantially increase traffic congestion in the streets.

(b) Increase the danger of fire or panic or otherwise endanger the public safety.

(c) Overcrowd the land or create an undue concentration of population.

(d) Impair an adequate supply of light and air to adjacent property.

(e) Be consistent with the surrounding zoning and uses.

(f) Adversely affect the Comprehensive Plan of the Township.

(g) Unduly burden water, sewer, school, park or other public facilities.

(h) Otherwise adversely affect the public health, safety, morals or general welfare.

(*Id.*, § 210–242.D(3), R.R. at 100–01.) However, section 210–242.E(1) of the Zoning Ordinance states that an applicant's burden to present evidence relating to the criteria in section 210–242.D(3) arises only when the ZHB requests evidence on the criteria or when an opposing party presents evidence placing the criteria at issue.

In any case **where the [ZHB] requests** that the applicant produce evidence relating to the criteria set forth in Subsection D(3) of this section **or any other party opposing the application shall have established by evidence** the possibility that an allowance of the application will have any of the effects listed in Subsection D(3) of this section, the applicant's burden of proof shall include . . . presenting credible evidence sufficient to persuade the [ZHB] that allowance of a special exception . . . will not violate . . . the **criteria so placed in issue.**

(*Id.*, § 210–242.E(1), R.R. at 101) (emphasis added).

■ Here, we agree with Anter that it had no burden with respect to the criteria in section 210.242.D(3) because the ZHB did not request that Anter produce evidence relating to those criteria and because no other party presented evidence. To interpret the Zoning Ordinance otherwise would render superfluous the language in section 210–242.E(1) pertaining to the ZHB's request for evidence or the opposing party's presentation of evidence, and we must attempt to construe a zoning ordinance to give effect to all its provisions. *See* section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). Moreover, where doubt exists as to the intended meaning of the language of a zoning ordinance, that language shall be interpreted in favor of the property owner. Section 603.1 of the Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, added by section 48 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10603.1.

## II. Billboards and Land Development

Anter next argues that, because our supreme court has held in *Upper Southamp-*

---

*Adjustment,* 501 Pa. 550, 554, 462 A.2d 637, 639 (1983).

ton Township v. Upper Southampton Township Zoning Hearing Board, 594 Pa. 58, 71, 934 A.2d 1162, 1170 (2007), that billboards are not land development, the ZHB erred in requiring Anter to present as evidence a historic resource study under section 210–183.10 of the Zoning Ordinance and a landscape buffer under section 210–129 of the Zoning Ordinance. We agree.

## A. Historic Resource Study

■ Section 210–183.10.A(1) requires a landowner to submit a historic resource study:

> (1) When a . . . landowner files an application for approval of a subdivision or land development plan which proposes construction of buildings and other structures . . . located within 300 feet of the exterior of any Class I or Class II historic resource.

(Zoning Ordinance, § 210–183.10.A(1), R.R. at 83.) Here, Anter sought a billboard special exception, not land development approval. Thus, section 210–183.10.A of the Zoning Ordinance did not apply.

## B. Buffer/Landscaping

■ Section 210–129.A of the Zoning Ordinance sets forth the following "special development requirement:"

> A. Along each side or rear property line which directly abuts an R–1 to R–3 Residence District . . . a screen buffer planting strip of not less than 50 feet in width . . . shall be provided.

(Id., § 210–129.A) Because this provision is a special **development** requirement and because a billboard is **not** land development under Upper Southampton Township, section 210–129 did not apply here.

## III. Section 210–210.L(8)

■ Finally, Anter argues that the ZHB erred in concluding that it failed to make a prima facie showing with respect to all of the special exception requirements set forth in section 210–210.L for a billboard. On this issue, we disagree.

The ZHB concluded that Anter complied with most of the requirements, but that it failed to comply with section 210–210.L(8).

> (8) Engineering certification. Any applications for an off-premises sign or billboard **shall be accompanied by certification, under seal and signature by a professional engineer registered in the State of Pennsylvania**, that the existence of the off-premises sign or billboard, as proposed, shall **meet all construction standards as set forth in the Township building codes.**

(Zoning Ordinance, § 210–210.L(8), R.R. at 93–94) (emphasis added).

The ZHB stated that the only letter attached to Anter's application "disclaims any opinion with respect to structural adherence to codes." (ZHB's Op. at 14.) Indeed, there is a letter with the application, dated October 15, 2007, from Robert M. Worthington, Jr., a professional land surveyor with Chester Valley Engineers, Inc., stating that "[t]he engineer responsible for foundation and structural designs of the sign will need to offer an engineering certification indicating compliance with the Township Building Codes." (Worthington Letter, 10/15/07.) Obviously, this letter did not satisfy the engineering certification requirement.

Although not attached to the application, at the hearing before the ZHB, Anter offered a "Proposed Sign Location Plan," dated October 11, 2007, which contained the seal and signature of engineer Robert H. Plucienik. (See Exhibit A–1; see also N.T., 11/21/07, at 33–37, R.R. at 9–10.)

The "Proposed Sign Location Plan" contains the following statement: "The construction of the proposed off-premises billboard shall be in accordance with approved **structural plans** signed and sealed by a licensed professional structural engineer." (Exhibit A–1, Note 7; ZHB's Findings of Fact, No. 36) (emphasis added). Thus, based on this statement, the ZHB found that "construction is dependent on the furnishing of **structural plans** signed and sealed by a different engineer, a licensed structural engineer." (ZHB's Findings of Fact, No. 37) (emphasis added).

Anter then offered a structural plan with the title "Sign Frame," dated March 20, 1989, which contained the seal and signature of engineer Rex Theodore Pless. (*See* Exhibit A–2; *see also* ZHB's Findings of Fact, No. 39.) After considering this document, the ZHB stated that the engineer was not present at the hearing to offer his certification, and his plan was, "on its face, outdated, being prepared in 1989

(15 years before [the Township] adopted the Uniform Construction Code now applicable statewide)." (ZHB's Op. at 14–15; *see also* N.T., 11/21/07, at 35–37, R.R. at 9–10.) As the ZHB indicated, because the structural plan was outdated, it did not satisfy the engineering certification requirement.

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of March, 2011, the order of the Court of Common Pleas of Delaware County, dated December 9, 2009, is hereby affirmed.