**LATIMORE TOWNSHIP, Appellant**

v.

**LATIMORE TOWNSHIP ZONING HEARING BOARD, Dale R. King and Kay L. King.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 2012.

Decided Jan. 4, 2013.

Guy P. Beneventano, Harrisburg, for appellant.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

This is an appeal by Latimore Township (Township) from an order of the Adams County Court of Common Pleas affirming a decision of the Latimore Township Zoning Hearing Board (ZHB) that chicken houses owned by intervenors Dale R. King and Kay L. King (Property Owners) are a permitted use in the zoning district in which they are located. We affirm.

This matter arises out of notices of revocation of nonconforming use issued by the Township with respect to two contiguous parcels of land in the Township (the Property). Property Owners have owned the Property and operated chicken houses on the Property since the 1960s. (ZHB Decision Findings of Fact (F.F.) ¶¶ 15, 23, R.R. at 17a–18a; ZHB Hearing Transcript (H.T.), R.R. at 90a.) There are five chicken houses presently on the Property, each of which can be used to raise 24,000 to 34,000 chickens. (ZHB F.F. ¶¶ 23–25, R.R. at 18a; ZHB H.T., R.R. at 89a, 112a.) These five chicken houses have been on the Property since 1997 or 1998 and Property Owners have raised flocks of chickens in them from that time on. (ZHB H.T., R.R. at 92a, 94a.) Prior to 2008, the area in which the Property is located was zoned as an Agriculture–Conservation (A–C) District (ZHB F.F. ¶¶ 21–22, R.R. at 17a.) The chicken houses were a permitted use in that zoning district. (1987 Zoning Ordinance at 15, R.R. at 201a.)

In 2008, the Township adopted its current zoning ordinance. (Joint Stipulation, R.R. at 42a.) Under this zoning ordinance, Property Owners' chicken houses are classified as a "Concentrated Animal Operation." (Court of Common Pleas Order of December 10, 2010 at 1 ¶ 4.) The 2008 Zoning Ordinance provides for two A–C districts, an A–C–I District and an A–C–II District. (2008 Zoning Ordinance at III–1 to IV–8, R.R. at 313a–322a.) The Property is located in the A–C–I District. (ZHB F.F. ¶ 20, R.R. at 17a; Subdivision Plan, R.R. at 3a.) Section 402 of the 2008 Zoning Ordinance lists as a permitted use in the A–C–I District "[a]griculture including ... raising and keeping livestock, excluding the development of new or expansion of existing Concentrated Animal Operations." (2008 Zoning Ordinance at IV–1, R.R. at 315a.)

Two of the five chicken houses are on the larger parcel of the Property and the

other three are on the smaller parcel. (ZHB F.F. ¶¶ 24–25, R.R. at 18a; ZHB H.T., R.R. at 89a–90a.) The three chicken houses on the smaller parcel of the Property encroached on what had originally been part of the larger parcel. (ZHB F.F. ¶ 32, R.R. at 18a; ZHB H.T., R.R. at 77a, 94a–95a.) In April 2009, Property Owners sought to sell the chicken houses. (ZHB H.T., R.R. at 94a–95a.) In order to do so, Property Owners needed to obtain Township approval to change the boundary lines of the parcels to correct the encroachment, and in June 2009, Property Owners submitted an add-on lot subdivision application to the Township for approval, seeking to add two small portions of the larger parcel to the smaller parcel. (ZHB F.F. ¶¶ 31–32, R.R. at 18a; ZHB H.T., R.R. at 77a–78a, 94a–95a, 104a; Subdivision Plan, R.R. at 3a.) The Township did not approve the add-on lot subdivision plan until early 2010. (ZHB H.T., R.R. at 77a; Subdivision Plan, R.R. at 3a.)

On July 29, 2010, the Township's Zoning Officer issued Revocation Notices with respect to the Property, asserting that chicken houses on the Property were a nonconforming use and that this use had been abandoned. (ZHB Decision F.F. ¶¶ 1, 2, 6, R.R. at 16a; Revocation Notices, R.R. at 6a–9a.) Property Owners filed timely appeals of the Revocation Notices to the ZHB in August 2010, contending that they had not abandoned raising chickens on the Property and that the operation of the chicken houses therefore remained a preexisting nonconforming use. (ZHB F.F. ¶¶ 3, 7, R.R. at 16a; Appeal to ZHB, R.R. at 12a–15a.) On September 23, 2010, the ZHB held a hearing on the Revocation Notices. (ZHB F.F. ¶ 10, R.R. at 17a.) At the ZHB hearing, the Township contended that the use of the chicken houses had been abandoned under Section 513 of the 2008 Zoning Ordinance, which provides that a nonconforming use is abandoned if the use "is discontinued or abandoned for twelve (12) consecutive months." (2008 Zoning Ordinance at V–10, R.R. at 351a.) Property Owners raised the argument that their chicken houses are a permitted use under Section 402 of the Township's 2008 Zoning Ordinance, in addition to their alternative contention that they are legal as a preexisting nonconforming use that had not been abandoned. (ZHB F.F. ¶ 8, R.R. at 16a; ZHB H.T., R.R. at 71a, 73a–74a.) At the hearing, Property Owners admitted that the last flock of chickens was removed from the chicken houses in April 2009, but testified that they had been trying to sell the Property since that time and had a purchaser for the smaller parcel under contract. (ZHB F.F. ¶ 52, R.R. at 20a; ZHB H.T., R.R. at 94a, 96a–97a, 104a, 111a, 116a.) Property Owners introduced evidence that the purchaser had been doing work repairing the chicken houses for continued operation during the period after April 2009 and that the sale had been delayed by the Township's actions. (ZHB F.F. ¶¶ 41, 52–55, R.R. at 19a–20a; ZHB H.T., R.R. at 96a–98a, 104a, 116a–119a, 125a–129a.)

In October 2010, the ZHB issued its decision, ruling in favor of Property Owners on the ground that the chicken houses are a permitted use under Section 402 of the 2008 Zoning Ordinance and, accordingly, finding it unnecessary to address the question of whether the use of the chicken houses had been abandoned. (ZHB Conclusions of Law ¶¶ 3, 4, R.R. at 22a–24a.) The Township appealed the ZHB decision to the Court of Common Pleas. (Docket Entries, R.R. at 1a.) The court did not receive any additional evidence, concluding that the ZHB record was sufficient to address the issue of whether the chicken houses were a permitted use. (Court of Common Pleas Order of December 10, 2010 at 1 ¶ 5.) On March 13, 2012, the

Court of Common Pleas issued an opinion and order upholding the ZHB's conclusion that the chicken houses are a permitted use under the 2008 Zoning Ordinance and denying the Township's appeal. (Court of Common Pleas Order and Opinion of March 13, 2012.) On April 5, 2012, the Township timely appealed to this Court.[1]

The sole issue before this Court is whether the ZHB erred in holding that Property Owners' chicken houses are a permitted use in the A–C–I District in which they are located. In considering this question, we must give deference to the ZHB's conclusion that the chicken houses are a permitted use under the language of the 2008 Zoning Ordinance. *City of Hope v. Sadsbury Township Zoning Hearing Board,* 890 A.2d 1137, 1143 (Pa. Cmwlth.2006); *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55, 57 (Pa.Cmwlth.1999). It is well settled that "a zoning hearing board's interpretation of its own zoning ordinance is entitled to great weight and deference. Such deference is appropriate because a zoning hearing board, as the entity charged with administering a zoning ordinance, possesses knowledge and expertise in interpreting that ordinance." *City of Hope,* 890 A.2d at 1143 (citations omitted).

Article IV of the 2008 Zoning Ordinance, which sets forth the uses permitted in each zoning district, provides with respect to the A–C–I District:

Section 402. Basic Use Regulations.

In this District, buildings, structures and lots shall be subject to the following basic use regulations:

A. *Permitted Uses*

1. Agriculture including cultivating the soil, producing crops and forage, dairying, *raising and keeping livestock, excluding the development of new or expansion of existing Concentrated Animal Operations.* ...

(2008 Zoning Ordinance at IV–1, R.R. at 315a) (emphasis added). "Livestock" is defined as:

Domesticated animals such as: cattle, deer, elk, buffalo, cows, hogs, horses, sheep, goats, llamas, alpacas, *poultry,* rabbits, *birds,* fish, bees and other similar animals. It does not include animals such as lions, tigers, cougars, wolves and similar wild animals.

(2008 Zoning Ordinance at II–13 to II–14, R.R. at 301a–302a) (emphasis added).

Chickens are clearly "poultry" under the common understanding of that term. *See, e.g., Webster's Third New International Dictionary Unabridged* 1777 (2002) (defining "poultry" as "domesticated birds that serve as a source of eggs or meat and that include among commercially important kinds chickens, turkeys, ducks, and geese ..."). The Township does not dispute that chickens are "poultry" under the 2008 Zoning Ordinance. (Appellant's Br. at 5, 14.) The chicken houses therefore constitute "raising and keeping livestock," which is a permitted use in the A–C–I District. The exclusion of "new or expansion of existing Concentrated Animal Operations" from the permitted uses in the A–C–I District does not apply to Property Owners' chicken houses because the chicken houses have existed and been used in

1. Our review is limited to determining whether the ZHB committed an error of law or an abuse of discretion. *City of Hope v. Sadsbury Township Zoning Hearing Board,* 890 A.2d 1137, 1144 (Pa.Cmwlth.2006); *Smith v. Zoning Hearing Board of Huntingdon Borough,* 734 A.2d 55, 57 n. 2 (Pa.Cmwlth.1999). Because the Township's claim is that the ZHB committed an error of law, our standard of review is *de novo* and our scope of review is plenary. *Pocono Manor Investors, LP v. Pennsylvania Gaming Control Board,* 592 Pa. 625, 637, 927 A.2d 209, 216 (2007).

their present form since 1997 or 1998. (ZHB H.T., R.R. at 91a–92a.) Thus, the language of Section 402 of the 2008 Zoning Ordinance on its face classifies Property Owners' chicken houses as a permitted use.

The Township argues that existing, unexpanded Concentrated Animal Operations are not a permitted use in the A–C–I District because the definition of "Agriculture" specifically excludes Concentrated Animal Operations. (Appellant's Reply Br. at 3–7.) The 2008 Zoning Ordinance defines "Agriculture" as:

> The tilling of the soil, the raising of crops, forestry, horticulture and gardening, including *the raising of livestock such as* cattle, cows, hogs, horses, sheep, goats, llamas, alpacas, deer, elk, bison, *poultry,* rabbits, *birds,* fish, bees, and other similar animals. This definition also includes noncommercial greenhouses and mushroom houses.
>
> Agriculture can involve the incidental slaughter of livestock, which have been raised on the site for no less than two-thirds of its lifespan. *Excludes Concentrated Animal Operations.*

(2008 Zoning Ordinance at II–4, R.R. at 292a) (emphasis added).

Applying this definition of "Agriculture" to Section 402 to exclude all Concentrated Animal Operations, however, would conflict with and make superfluous the language of that Section that specifically excludes "the development of new or expansion of existing Concentrated Animal Operations." A zoning ordinance should be construed so that none of its language

is superfluous. *Anter Associates v. Zoning Hearing Board of Concord Township,* 17 A.3d 467, 469 (Pa.Cmwlth.2011). In addition, in resolving a conflict between provisions in a zoning ordinance, the more specific provisions control over the more general ones. *Heck v. Zoning Hearing Board for Harvey's Lake Borough,* 39 Pa. Cmwlth. 570, 397 A.2d 15, 17 (1979). The exclusion of only new and expanded Concentrated Animal Operations in Section 402's permitted uses in the A–C–I District, as the more specific provision, must therefore control, rather than the general definition of one of the terms used in that Section.[2]

Moreover, if Section 402 were read as not allowing any Concentrated Animal Operations, despite its express exclusion of only new and expanded operations, the 2008 Zoning Ordinance would not allow existing, unexpanded Concentrated Animal Operations in *any* zoning district. The only other district where the 2008 Zoning Ordinance provides that Concentrated Animal Operations can be a permitted use is the A–C–II District. (2008 Zoning Ordinance at IV–1 to IV–26, R.R. at 315a–341a.) Only "[d]evelopment of new or expansion of existing Concentrated Animal Operations" is permitted, as a Supplemental Use in the A–CII District when approved as a Special Exception by the ZHB. (2008 Zoning Ordinance at IV–5 to IV–6, R.R. at 319a–320a.) Existing, unexpanded Concentrated Animal Operations are not listed as a permitted use of any kind in the A–C–II District. (2008 Zoning Ordinance at IV–5 to IV–6, R.R. at 319a–320a.)

---

2. This interpretation of Section 402 does not render the exclusion of Concentrated Animal Operations from the definition of "Agriculture" superfluous. Other sections of the 2008 Zoning Ordinance list "Agriculture" as a permitted use or as a permitted use without special exception, with no reference to Con-

centrated Animal Operations. (2008 Zoning Ordinance at IV–5 § 412(A)(1), at IV–9 § 422(A)(1), R.R. at 319a, 323a.) In those sections, which have no conflicting language, the definition of "Agriculture" operates to exclude Concentrated Animal Operations.

Even if Section 402 could be interpreted as excluding existing unexpanded Concentrated Animal Operations, the ZHB's conclusion that the chicken houses are a permitted use would still be correct. At a minimum, the conflict between the general definition of "Agriculture" and the specific exclusion of new and expanded Concentrated Animal Operations would make Section 402 ambiguous. Ambiguity and conflict in the language of this zoning ordinance must be resolved in favor of Property Owners. *Anter Associates,* 17 A.3d at 469; *City of Hope,* 890 A.2d at 1143; *Heck,* 397 A.2d at 17. "[W]here doubt exists as to the intended meaning of the language of a zoning ordinance, that language shall be interpreted in favor of the property owner." *Anter Associates,* 17 A.3d at 469.

Because the ZHB correctly concluded that Property Owners' chicken houses are a permitted use under the Township's zoning ordinance, we affirm.

## ORDER

AND NOW, this 4th day of January, 2013, the Order of March 13, 2012 of the Court of Common Pleas of Adams County in the above-captioned case is AFFIRMED.