J-S22036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD RICHARD OYLER, | |
| Appellant | No. 1440 MDA 2016 |

Appeal from the Order Entered August 2, 2016
in the Court of Common Pleas of Adams County
Criminal Division at No.: CP-01-CR-0001246-2015

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:                    **FILED APRIL 19, 2017**

Appellant, Todd Richard Oyler, appeals from the trial court's order denying his motion to continue his jury trial.  We quash this appeal as interlocutory and remand to the trial court.

We take an abbreviated procedural history of this matter from our review of the certified record.  On January 11, 2016, the Commonwealth filed an information charging Appellant with several sex offenses against a child.  On August 1, 2016, Appellant filed a motion requesting a continuance of his jury trial, pending our Supreme Court's decision in ***Commonwealth v. Ricker***, 120 A.3d 349 (Pa. Super. 2015), *appeal granted*, 135 A.3d 175 (Pa. 2016) (holding defendant does not have state or federal constitutional

---

[*] Retired Senior Judge assigned to the Superior Court.

right to confront witness against him at preliminary hearing and that *prima facie* case may be established by Commonwealth through hearsay evidence alone). (*See* Motion to Continue Trial Generally, 8/01/16, at 3). On August 2, 2016, the trial court entered an order denying the motion. (*See* Order, 8/02/16). On September 1, 2016, Appellant filed a notice of appeal from that order. (*See* Notice of Appeal, 9/01/16).[1] On appeal, he argues, *inter alia*, that the issue under review in *Ricker* is identical to the issue in the instant matter, because the Commonwealth based its entire case at the preliminary hearing on hearsay from a police officer. (*See* Appellant's Brief, at 7).

Preliminarily, we must consider the propriety of this appeal. The trial court and the Commonwealth maintain that Appellant has improperly appealed from an interlocutory order. (*See* Trial Court Opinion, 10/06/16, at 3-5; Commonwealth's Brief, at 13-14). Upon review, we agree.

"[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Brister*, 16 A.3d 530, 533 (Pa. Super. 2011) (citations omitted). "[T]here are few legal principles as well settled as that an appeal lies only from a final order, unless otherwise permitted by rule or by statute." *Commonwealth v. Garcia*, 43

---

[1] Counsel for Appellant filed a late court-ordered concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). The trial court entered an opinion on October 6, 2016. *See* Pa.R.A.P. 1925(a). Because we lack jurisdiction over this appeal, we need not address this procedural defect.

A.3d 470, 477 (Pa. 2012) (citation omitted). Generally, a final order "is any order that: (1) disposes of all claims and of all parties[.]" Pa.R.A.P. 341(b)(1). "As such, a criminal defendant may generally only appeal from a judgment of sentence." *Commonwealth v. Jackson*, 849 A.2d 1254, 1256 (Pa. Super. 2004) (citation omitted). A trial court's decision to deny a continuance is an interlocutory ruling, which neither ends the litigation nor disposes of a case entirely. *See Commonwealth v. Buckshaw*, 640 A.2d 908, 910 (Pa. Super. 1994).

Here, the trial court's August 2, 2016 order does not dispose of any claim or any party, and is an interlocutory decision on its face.[2] Consequently, we lack jurisdiction at this time to review Appellant's claims. Accordingly, we quash this appeal.

Appeal quashed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

---

[2] Contrary to Appellant's position, the order is not appealable as a collateral order. (*See* Response to Rule to Show Cause, 9/30/16, at 1).