# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William and Billie Jo Lake,  :
                             :
              Appellants     :
                             :
        v.                   :  No. 759 C.D. 2018
                             :  Submitted:  December 7, 2018
Warrington Township Board    :
of Supervisors               :
                             :
        v.                   :
                             :
Pennex Aluminum Company LLC  :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                       FILED:  August 16, 2019


William and Billie Jo Lake (the Lakes), proceeding *pro se*, appeal from an order of the Court of Common Pleas of York County (trial court) that dismissed their appeal from a decision of the Warrington Township Board of Supervisors (Supervisors) approving Pennex Aluminum Company, LLC's (Applicant) subdivision and land development plan to combine two existing lots in order to establish a semi-trailer parking and storage area with an access drive.  The Lakes contend that the Supervisors erred by not requiring Applicant to obtain a conditional use permit for the proposed use.  Upon review, we affirm.

## I. Background

Applicant is an aluminum extrusion manufacturing and smelting company whose headquarters have been located at 50 Community Street (Headquarters) in Wellsville Borough (Borough)[1] for the last 30 years. Applicant also owns an adjoining two-acre parcel located at 110 Community Street (Adjoining Lot), improved with a vacant, single-family dwelling. The Adjoining Lot is primarily located in the neighboring Warrington Township (Township), with a small portion situated within the Borough, and is zoned Village Commercial (VC) pursuant to the Warrington Township Zoning Ordinance (Ordinance).[2] The Lakes own property across the street from the Adjoining Lot within the Township, which is also zoned VC.

On June 28, 2017, Applicant submitted a Preliminary/Final Subdivision and Land Development Plan (Plan) to the Supervisors for approval to combine its Headquarters with the Adjoining Lot into "one 9.842 acre lot"[3] pursuant to Section 508 of the Pennsylvania Municipalities Planning Code (MPC),[4] in order to establish a semi-trailer parking and storage area and access drive on the Adjoining Lot to service the Headquarters. Reproduced Record (R.R.) at 12a, 26a. Specifically, the Plan proposed the construction of 22 semi-trailer parking spaces and the removal of the vacant residential structure on the Adjoining Lot, and a new entrance drive from

---

[1] The Borough does not have a zoning ordinance.

[2] The Supervisors enacted the Ordinance on January 20, 2010.

[3] On the Plan and in Applicant's brief, the Headquarters is referred to as Lot A and the Adjoining Lot is referred to as Lot B. *See* Reproduced Record (R.R.) at 14a, 26a; Appellee's Brief, *passim*.

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10508.

2

Community Street, an internal connection between the Headquarters and the Adjoining Lot. R.R. at 14a, 26a. Although a small portion of the Adjoining Lot is located within the Borough, the bulk of the proposed development activity will occur on the Township side of the property. R.R. at 26a.

At a public meeting held on December 20, 2017, the Supervisors granted waivers from the Township's Subdivision and Land Development Ordinance (SALDO) and approved the Plan, subject to Applicant's satisfaction of certain conditions. R.R. at 26a. On December 26, 2017, the Supervisors entered this decision by written notice. R.R. at 31a-32a. From this decision, the Lakes filed an appeal with the trial court in which Applicant intervened.

The trial court did not take additional evidence. In its opinion, the trial court noted that many of the issues raised by the Lakes were not properly before the court as these same issues were fully and fairly litigated and disposed of in prior appeals filed by the Lakes against the Township involving Applicant's Adjoining Lot. Namely, in 2012, the Lakes filed a validity challenge with the Township's Zoning Hearing Board (ZHB) alleging that an ordinance enacted by the Supervisors amending the Township Zoning Map by rezoning four tracts of land, totaling approximately 147 acres,[5] from Residential and Village Residential to VC, constituted illegal spot zoning. The ZHB denied the Lakes' validity challenge and this Court affirmed on appeal. *Lake v. Zoning Hearing Board of Warrington Township* (Pa. Cmwlth., No. 1061 C.D. 2013, filed March 18, 2014) (*Lake I*).

Then, in 2016, the Lakes appealed a ZHB decision granting Applicant's variance/special exception application in connection with its proposed plan to construct an access drive and semi-trailer parking and storage on the Adjoining Lot

---

[5] One of the four rezoned tracts included, *inter alia*, Applicant's Adjoining Lot and the Lakes' property.

3

on the basis that Applicant did not meet the requisite criteria. Specifically, Applicant requested a variance from the setback provisions for access drives and a special exception to allow more than one access drive per lot. The ZHB granted the application by approving the special exception allowing for the construction of more than one access drive per lot and authorizing dimensional variances to align the proposed access drive with the Carroll Street intersection and again, this Court affirmed on appeal. *Lake v. Zoning Hearing Board of Warrington Township* (Pa. Cmwlth., No. 896 C.D. 2017, filed January 11, 2018) (*Lake II*).

In the case *sub judice*, the trial court ruled that the Lakes were estopped from raising any issues that were previously litigated in those prior actions. The trial court focused on the matter at hand, i.e., the Supervisors' decision to approve Applicant's Plan. To that end, the Lakes argued that the parking and storage of semi-trailers is an industrial use only permitted by conditional use under the Ordinance. They claim that the Supervisors should not have approved the Plan without first requiring Applicant to seek a conditional use permit, which would be subject to public notice and a public hearing. The trial court determined "that the storage of the empty semi-trailers is not an industrial use and is permitted by right under [the Ordinance]." Trial Court Opinion, 5/10/18, at 4. Upon determining that the Supervisors did not err or abuse their discretion in approving Applicant's Plan, the trial court dismissed the Lakes' land use appeal. Thereafter, the Lakes filed a notice of appeal to this Court.[6]

---

[6] On June 19, 2018, the trial court directed the Lakes to file a concise statement of errors complained of on appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure within 21 days of the order. On July 2, 2018, the Lakes filed a timely Statement. In the trial court's Rule 1925(a) opinion, the trial court stated that the Lakes failed to serve the trial court with a copy of the Statement as required by Rule 1925(b)(1), which provides, "Appellant shall file of record the Statement and concurrently shall serve the judge." However,

In this appeal,[7] the Lakes present four interdependent issues for our review. First, the Lakes contend the Supervisors created "a defect in the process of enactment/procedure" by approving Applicant's Plan, which is not a use by right, without requiring a conditional use permit and without holding necessary public hearings and/or proceedings that are required as part of that procedure. Appellants' Brief at 4, 9. Second, they argue that the Supervisors erred or abused their discretion by approving the Plan without requiring a conditional use permit. Third, they maintain that their property rights were directly affected by the Supervisors' approval of the Plan, but they were denied the opportunity to participate in the proceedings prior to the entry of the decision. Finally, they claim that the trial court erred or abused its discretion by dismissing their appeal on the sole basis that the storage of semi-trailers does not constitute industrial use and is permitted by right under the Ordinance. The crux of the matter is whether a conditional use permit for the parking and storage of semi-trailers was necessary for the Plan approval.

The Lakes argue that a conditional use permit was required because the parking and storage of semi-trailers is not a permitted use under the Ordinance. According to the Lakes, the proposed use is an industrial use, which is permitted in the VC Zone only as a conditional use. On this basis, the Lakes claim that the

_____

review of the Original Record reveals that the Lakes' Statement includes a certificate of service indicating that the Statement was served on the trial court in compliance with the rule. Consequently, the Lakes' issues are preserved for review. *See Berg v. Nationwide Mutual Insurance Co., Inc.*, 6 A.3d 1002, 1009-10 (Pa. 2010) (where an appellant substantially complies with Pa. R.A.P. 1925(b), waiver of the issues will not result). We refer to the trial court's May 10, 2018 opinion as the basis for its dismissal of the Lakes' appeal.

[7] Where, as here, the trial court did not take any additional evidence, our review in a land development appeal is limited to determining whether the local governing body committed an error of law or an abuse of discretion. *Robal Associates, Inc. v. Board of Supervisors of Charlestown Township*, 999 A.2d 630, 634 (Pa. Cmwlth. 2010).

Supervisors erred or abused their discretion by approving Applicant's Plan without requiring Applicant to obtain a conditional use permit for this use.

Whether a proposed use falls within a given category of a zoning ordinance is a question of law subject to this Court's plenary review. *Slice of Life, LLC v. Hamilton Township Zoning Hearing Board*, 207 A.3d 886, 898 (Pa. 2019).

Section 307 of the Ordinance governs the permitted uses within the VC Zone. The purpose of the VC Zone is "to provide for the Township's commercial and industrial land use needs." Section 307(a) of the Ordinance. Pursuant to Section 307(b) of the Ordinance, the following uses are permitted by right in the VC Zone, *provided that their individual site sizes do not exceed one acre*:

> 1. Any use by right permitted within the [Village Residential (VR)] subject to the applicable standards contained within Section 306 of this Ordinance.
> 2. Retail Store or Shop
> 3. Personal Service Business
> 4. Professional, Business or Contractor's Office
> 5. Public Buildings and Facilities
> 6. Parking Compound or Parking Garage
> 7. Indoor Commercial Recreational Establishment
> 8. Raising of Crops
> 10. [sic] Service Station or Convenience Store Dispensing Fuel*
> 11. Vehicle Sales, Service, Repair and/or Body Shop*
> 12. Medical Clinic
> 13. Animal Hospital or Veterinary Office
> 14. Commercial School*
> 15. Shopping Center or Mall*
> 16. Forestry Use*
> 17. Accessory uses customarily incidental to the above permitted uses including but not limited to no-impact home based businesses, as defined herein.
>
> *Additional regulations for these uses are set forth in ARTICLE V, Supplementary Regulations.

6

Section 307(d) of the Ordinance permits certain uses by conditional use "*when authorized by the [] Supervisors*." (Emphasis added.) Conditional uses include, *inter alia*, any commercial or industrial uses listed in Section 307(b) exceeding one acre, as well as "Industrial Activities involving manufacturing, processing, . . . production, . . . of materials, goods and products including those industries performing conversion and assembly . . . ." *See* Section 307(d)(2), (10) of the Ordinance. A proposed conditional use must satisfy the criteria for conditional uses in Section 806 and Article VII of the Ordinance. Section 307(d) of the Ordinance.

According to the Lakes, neither the existing industrial use at the Headquarters nor the proposed use for the Adjoining Lot fit within Section 307(b)'s enumerated uses.[8] In addition, the Adjoining Lot exceeds the one-acre limitation. Therefore, they maintain that a conditional use permit was required under Section 307(d). However, Applicant[9] counters that a conditional use permit was not required because the parking and storage of semi-trailers is a permitted use by right under Section 402(b) of the Ordinance.

Section 402 of the Ordinance governs unenclosed parking or storage of certain types of vehicles, including semi-trailers, in all zoning districts. Specifically, Section 402(b) provides, with italicized emphasis added:

> **Recreational Vehicles, Boats, Trailers and Trucks:**
> On-street parking of recreational vehicles, boats, trailers

---

[8] We note that the proposed use does not meet the Ordinance's definitions for a parking garage or parking compound. Section 203 of the Ordinance defines "parking garage" as "[a] building where passenger vehicles may be stored for short-term, daily, or overnight off-street parking for a fee" and "parking compound" as "[a] commercial use where passenger vehicles may be stored for short-term, daily, or overnight off-street parking for a fee."

[9] The Supervisors join in Applicant's brief.

7

and/or trucks with a vehicle rating over three-quarter (3/4) ton is prohibited in all zones. Within any [Commercial (C), Rural Agricultural (RA), Residential (R), and Commercial Recreation (CR)] Zone the unenclosed parking and/or storage of recreational vehicles, boats and trailers shall be permitted provided that such parking and/or storage does not interfere with any required clear sight triangles for the driveway, or in the case of corner lots any clear sight triangles for the adjoining roads. *Within all Zones the use, parking and/or storage of semi[-]trailers and shipping containers is prohibited within the front yard of any residential property and within any yard of a residential property with less than one (1) acre of lot area.* Within any (VR and VC) Zone and/or upon any residential property with less than one (1) acre of lot area, the unenclosed parking and/or storage of recreational vehicles, boats and trailers shall be permitted subject to the following standards. Only trailers used for domestic purposes and trailers used solely for the residents' recreational vehicle(s) are permitted to be stored.

It is well settled that where an ordinance specifically addresses a particular use, the more specific section controls over general sections. *Heck v. Zoning Hearing Board for Harveys Lake Born*, 397 A.2d 15, 17 (Pa. Cmwlth. 1978); *see Latimore Township v. Latimore Township Zoning Hearing Board*, 58 A.3d 883, 887 (Pa. Cmwlth. 2013); *Epting v. Marion Township Zoning Hearing Board*, 532 A.2d 537, 543 n.5 (Pa. Cmwlth. 1987); *Appeal of Farrell*, 481 A.2d 986, 989 (Pa. Cmwlth. 1984); *see also* Section 1933 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1933. Consequently, Section 402(b) governs over Section 307 regarding the unenclosed parking and/or storage of semi-trailers. *See Heck*.

Section 402(b) of the Ordinance expressly prohibits the use, parking, and/or storage of semi-trailers and shipping containers from the front yard of any residential property and any yard of a residential property with less than one acre in all zones, but contains no other restriction for this use. Section 402(b)'s express

8

prohibitions regarding residential yard restrictions do not apply to the Adjoining Lot because it is no longer a residential property and the Adjoining Lot is more than one acre. Thus, because the Ordinance contemplates the parking and storage of semi-trailers in "all Zones" with express prohibitions not applicable here, we conclude that the use is permitted. Consequently, a conditional use permit was not required and the Lakes' claims to the contrary are without merit.[10]

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[10] Because resolution of this issue is dispositive, we need not address the Lakes' remaining issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| William and Billie Jo Lake, | : | |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | No. 759 C.D. 2018 |
| | : | |
| Warrington Township Board | : | |
| of Supervisors | : | |
| | : | |
| v. | : | |
| | : | |
| Pennex Aluminum Company LLC | : | |

# **O R D E R**

AND NOW, this 16th day of August, 2019, the order of the order of the Court of Common Pleas of York County, filed May 10, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge